DAVID C. RIGGS, CONSERVATOR, *vs.* LEO C. ZALESKI.

A conservator can not maintain a suit in his own name for money lent by the ward.

The court has the right, and will exercise it in its discretion, of reversing a judgment for an error manifest on the record, though not assigned or the question made in the court below.

ASSUMPSIT for money lent; brought to the Court of Common Pleas of New Haven County, and tried to the court, on the general issue, before *Stoddard, J.*

The plaintiff sued as conservator of one Henry R. Johnson, by whom, while the plaintiff was conservator, the money had been lent. The court rendered judgment for the plaintiff and the defendant brought the record before this court by a motion in error. The question whether the plaintiff could maintain the suit in his own name as conservator was not made in the court below, but for the first time upon the motion in error.

*T. C. Ingersoll,* for the plaintiff in error, contended that a conservator can not sue in his own name upon the contracts of his ward, but can only so sue upon contracts made by him individually; citing *Snow* v. *Antrim,* Kirby, 174; *Campbell* v. *Crandall,* 2 Root, 371; *Griswold* v. *Butler,* 3 Conn., 231; *Treat* v. *Peck,* 5 id., 280, 286; *Hutchins* v. *Johnson,* 12 id., 382; *Petrie* v. *Shoemaker,* 24 Wend., 85; *McKillip* v. *McKillip,* 8 Barb., 555; *Lane* v. *Schermerhorn,* 1 Hill, 97; 1 Swift Dig., 50; 1 Chitty Pl., 19.

*J. A. Wood,* for the defendant in error, contended—1. That a conservator can by statute sue for and collect all debts due to his ward, citing Gen. Statutes, p. 347, sec. 4.—2. That the objection should have been made in the court below, and could not now be made, citing Rule of the Court, 37 Conn., 619; *Russell* v. *Stocking,* 8 Conn., 236; *Picket* v. *Allen,* 10 id., 146; *McLoud* v. *Selby,* id., 393; *Torry* v. *Holmes,* id., 499.

PARK, C. J. The contract for the loan of the money to the defendant was not made with the conservator but with the ward, and we think it is clear that the conservator cannot sustain an action on it in his own name. The cases of *Treat* v. *Peck,* 5 Conn., 280, and *Hutchins* v. *Johnson,* 12 Conn., 376, are conclusive of this question.

Under this view the judgment of the Court of Common Pleas is clearly erroneous. But it is claimed by the counsel for the plaintiff that the defendant can not take advantage of this error here, because the question was not made in the court below, and we are referred to the rule recently established on the subject. Whatever construction may be given to that rule, the court has always reserved the power to consider errors apparent on the record, even though not assigned by the plaintiff in error; and the error here is so manifest that we think it better to reverse the judgment at once rather than leave the defendant to bring a writ of error, upon which it would inevitably be reversed.

The judgment is therefore reversed.

In this opinion the other judges concurred.