## EDWIN S. PICKETT, CONSERVATOR, *vs.* GEORGE W. RUICKOLDT.

Third Judicial District, Bridgeport, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Pending an action by one in his own name as conservator, to recover property alleged to have been wrongfully obtained from his ward while under the undue influence of the defendant, the ward died and his administrator entered to prosecute the action. Ten months thereafter the defendant suggested the termination of the conservatorship on the record, and moved that the cause be erased from the docket on the ground that the action should have been brought by the conservator in the name of his ward, and that as the action never stood in the ward's name the statute authorizing the administrator of a deceased plaintiff to enter and prosecute did not apply. *Held:*—

1. That in granting this motion the trial court erred; that even if the old rule as to the nominal party plaintiff still prevailed, yet under our present and much more liberal practice the ward, in whose behalf the action was brought, had a right to be substituted as plaintiff under § 623 of the General Statutes, and that this right was a substantial one which, upon the ward's death, survived to his administrator under the broad provisions of the Survival Act of 1903 (Chap. 193, § 1); and that although the administrator ought to have asked to be substituted as plaintiff instead of entering to prosecute under § 2 of the Survival Act, yet he had in fact become a party on the record though entering by the wrong door, and therefore under the principle declared in General Statutes, § 622, the action could not be defeated merely because the right party came into it, or attempted to come into it, in the wrong way.

2. That the appropriate remedy was not a motion to dismiss or erase the cause from the docket, but a motion to strike from the record the entry to prosecute.

Argued April 11th—decided June 14th, 1917.

ACTION to secure the cancellation of a deed procured by the defendant from an alleged incapable person over whom the plaintiff was subsequently appointed conservator, and for other equitable relief, brought to the Superior Court in New Haven County and erased

from the docket (*Tuttle, J.*), upon motion of the defendant, for want of a party plaintiff, from which the plaintiff appealed. *Error; cause to be restored to docket.*

*Leonard M. Daggett* and *Robert J. Woodruff*, for the appellant (plaintiff).

*Philip Pond* and *Louis M. Rosenbluth*, for the appellee (defendant).

BEACH, J. This action was brought by the conservator in his own name to recover real and personal property alleged to have been transferred without consideration by the ward to his brother, while under the undue influence of the transferee. Before any answer was filed the ward died, and the Union and New Haven Trust Company, his administrator, entered to prosecute. Ten months afterward the defendant filed a suggestion on the record of the termination of the conservatorship, and moved that the cause be dismissed and erased from the docket. The motion was granted on the ground that the action was originally improperly brought in the name of the conservator, and not in the name of the ward by the conservator acting in his behalf; that as the action never stood in the name of the deceased ward, the statute authorizing the administrator of a deceased plaintiff to enter and prosecute did not apply; and that since no motion was made to substitute one plaintiff for another, the action was without a plaintiff.

The old rule was that a conservator could not maintain an action to collect the ward's debts in his own name as conservator. *Treat* v. *Peck*, 5 Conn. 280; *Hutchins* v. *Johnson*, 12 Conn. 376; *Riggs* v. *Zaleski*, 44 Conn. 120. Even if the rule still prevails, the consequences of a failure to observe it are very different

now from what they were when *Riggs* v. *Zaleski* was decided in 1876. The conservator was the proper person to bring the action, and in his complaint he alleges that he brings it as the conservator of Arthur Ruickoldt. Under §§ 622 and 623 of the General Statutes, the action could not have been defeated, in Ruickoldt's lifetime, because not brought in his name. Being on the face of the complaint beneficially interested, his name might have been entered or substituted as a plaintiff, on motion. In the meantime, the action, even if brought by the wrong plaintiff, was still pending. As was said in *Bowen* v. *National Life Asso.*, 63 Conn. 460, 476, 27 Atl. 1059, the Practice Act has "radically changed the old practice with reference to joinder, admission and dropping of the parties to a suit, and the changes were intentionally and deliberately made."

When Ruickoldt died the action did not abate; nor was the conservator discharged by his ward's death. He still had the estate in his hands and must account for it to the Court of Probate. Until he was discharged the action was not without a plaintiff, and, subject to possible objection which the defendant did not make, it remained pending in court, with the conservator as the sole nominal plaintiff, until August 7th, 1915, when the administrator entered to prosecute. If the administrator then had a right to enter, the action remained in court with two plaintiffs, until the final account of the conservator was accepted and he was discharged by the Court of Probate. The record does not show when the conservator was discharged, but that fact was not suggested on the record until May, 1916, ten months after the administrator had entered to prosecute.

We think the administrator had a right to be substituted as plaintiff under § 623. Arthur Ruickoldt was the party for whose benefit the action was brought,

and his right to be substituted as a plaintiff in the action was a substantial right which survived to the administrator. The broad language of § 1 of the Survival Act of 1903 (Public Acts of 1903, Chap. 193) is that "no cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such deceased person." Under this statute the survival of actions is the rule and not the exception, and the presumption is that every cause or right of action survives until the contrary is made to appear by way of exception to the rule. The phrase "right of action" includes the right to commence and maintain an action. 7 Words & Phrases, p. 6226. It is broad enough to include a right to be admitted to prosecute a pending action, either as a coplaintiff, or substituted plaintiff; and under § 623 the administrator had a right to be substituted as plaintiff in place of the conservator. Nobody would doubt that the administrator of a decedent, who ought to have been made a defendant, but was omitted through mistake, could be joined as defendant in an action which survived against the estate, and we see no reason why the administrator of a decedent who ought to have been joined as a plaintiff, but was omitted through mistake, may not be admitted as a coplaintiff, or as substituted plaintiff if necessary, in a pending action which survives in favor of the estate.

Strictly speaking, the right which survived to the administrator in this case was the very same right which the decedent had in his lifetime: the right to be substituted as plaintiff under § 623 of the General Statutes. It is, therefore, true, as the memorandum of the Superior Court suggests, that the administrator ought to have made application under that statute to be substituted as plaintiff, instead of entering to

prosecute under § 2 of the Survival Act. Nevertheless, he succeeded in making himself a party on the record by entering to prosecute, and the defendant's real grievance was, not that the administrator had no right to come into the action, but that he had come in through the wrong door. That being so, the appropriate remedy was not a motion to dismiss and erase from the docket, but a motion to strike from the record the entry to prosecute. Section 622 provides that "no action shall be defeated by the nonjoinder or misjoinder of parties"; and this must include the lesser proposition that no action should be defeated because the right party came into it, or attempted to come into it, in the wrong way.

There is error and the cause is remanded with directions to restore it to the docket.

In this opinion the other judges concurred.