John B. Moomjian et al. *vs.* Eva Fine, Executrix, (Estate of Herman Fine).

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 12th—decided December 20th, 1932.

*Charles S. Hamilton,* for the appellants (plaintiffs).

*George W. Crawford,* with whom was *Bernard Greenberg,* for the appellee (defendant).

Per Curiam. This is a petition for a new trial, for newly-discovered evidence, of the case of *Fine* v. *Moomjian,* which came by appeal to this court and our decision in which is reported in 114 Conn. 226, 158 Atl. 241. The original action was based upon certain claimed fraudulent conveyances made by John P. Moomjian, and in particular two conveyances made by him to his wife, Mary H. Moomjian. It was the claim of the Moomjians in that action that the deeds making these conveyances were executed and delivered in place of two earlier deeds executed and delivered by Moomjian to his wife for a valuable consideration, which were not recorded and were lost. At the original trial one of these deeds was produced, but it appeared

(697)

that the other could not be found. There was, however, evidence of its execution at the same time as the deed then placed in evidence and of the surrounding circumstances. After the trial and the affirmation of the judgment in this court, the missing deed was found in an envelope containing certain collateral in the possession of a bank with which the Moomjians were doing business. The newly-discovered evidence upon which this petition is based consists of this deed and the circumstances of its discovery. The mere execution of the deed would, of course, be ineffective without proof of its delivery and acceptance under circumstances making it a valid conveyance as against the plaintiff in the original action. An examination of the memorandum of decision in that case discloses that the trial court did not question the execution of both deeds, but did come to the conclusion that they never had been delivered to Mary Moomjian. There is nothing in the evidence offered in support of the petition which would be relevant to that conclusion save the vaguest inferences. Had the deed later discovered been produced at the original trial with evidence that it was found in the possession of the bank, it is not possible to conceive that the trial court would have arrived at any different conclusion than it did. The court clearly did not abuse its discretion in denying the present petition. *Meriden* v. *Rogers,* 111 Conn. 115, 119, 149 Atl. 406; *Link* v. *State,* 114 Conn. 102, 107, 157 Atl. 867.

Proceedings upon an application for a new trial for newly-discovered evidence are somewhat informal. When, as here, the petition sets up the alleged newly-discovered evidence in detail and states or annexes the evidence given upon the former trial, the defendant may demur to the petition. *Link* v. *State, supra;*

*Alling, Attorney-General,* v. *Levitt,* 112 Conn. 586, 591, 153 Atl. 166. But he is not compelled to do so, and upon the hearing upon the merits of the petition may, without pleading and without controverting the accuracy of the statements of testimony in the petition, raise the question whether the court should in the exercise of a sound discretion grant relief to the plaintiff. 1 Swift's Digest, s. p. 788; *Parsons* v. *Platt,* 37 Conn. 563, 567; *Gannon* v. *State,* 75 Conn. 576, 578, 54 Atl. 199; *Hall* v. *Tice,* 86 Conn. 684, 689, 86 Atl. 560.

There is no error.