HATTIE E. WILLOWS *vs.* W. R. SNYDER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 3d—decided February 7th, 1933.

*C. Hadlai Hull,* for the appellant (defendant).

*George C. Morgan,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover damages for injuries suffered in a collision between the automobile in which she was riding, driven by her daughter, and one driven by the defendant. The oral testimony was in conflict as to the way in which the collision occurred. The plaintiff offered evidence that the car in which she was riding had stopped well upon its right side of the highway at a point about one hundred feet from a curve toward which it had been proceeding and that the defendant, coming in the opposite direction on the inside of the curve, swung so wide that his car came over upon the plaintiff's right side of the highway and ran into the car in which she was. The defendant offered evidence that his car was at all times upon his right side of the highway and that the car in which the plaintiff was riding suddenly crossed the center of the highway in a sharp diagonal course and ran into his car or immediately into its course. The verdict of the jury in favor of the plaintiff necessarily imports that they found the facts as claimed by her. The defendant moved to set it aside as against the evidence, relying principally upon evidence as to certain tire marks upon the highway claimed to have been made by the two cars. Marks such as those of which evidence was

given in this case can become conclusively determinative between conflicting oral testimony as to the circumstances of an accident only when their existence and location are admitted or undisputed. The evidence offered by the defendant as to brake marks attributed to his car was opposed by his own testimony that he did not see the other car until it was within three or four feet of him and then put on his brakes, and by the testimony of an officer of the state police who, while describing certain marks attributed to the car in which the plaintiff was riding, said that he found no marks made by the defendant's car. The evidence offered by the defendant as to marks attributed to the car in which the plaintiff was riding, said to extend beyond the center of the highway into the defendant's right side of it, was opposed by testimony of the plaintiff's daughter that she saw no marks extending from her right side of the highway beyond its center and the statements of the various witnesses were conflicting and to some extent inconsistent with the results which naturally would have been expected to follow a collision in the way in which the defendant claimed it occurred. We cannot say that the evidence as to the tire marks left by the cars was so conclusive as to preclude the jury from accepting as true the facts claimed by the plaintiff to have been proven and those facts reasonably support the verdict. There was no error on the part of the trial court in refusing to set it aside.

The defendant assigns several errors as to the charge of the court, but he made no written requests to charge and the charge as given was correct in law and adequate for the guidance of the jury. The claimed error in the charge most seriously pressed is that the trial court did not specifically charge the jury that if the accident was proximately caused solely by the

negligence of the plaintiff's daughter the plaintiff was not entitled to recover. The charge made it clear to the jury that there could be no recovery by her unless they found that the defendant had been guilty of negligent conduct which was a substantial factor in bringing about the accident, either as the sole proximate cause of it or as a proximate cause concurring with negligent conduct on the part of the daughter. The instruction necessarily negatives a recovery by the plaintiff if the jury found that the negligent conduct of the daughter was the sole proximate cause of the accident. In the absence of a request for a specific charge and particularly in view of the respective claims of the parties as to the circumstances of the accident, we cannot find error in the failure of the trial court expressly to charge concerning the effect of negligence of the daughter if it were found to be the sole proximate cause of the accident.

There is no error.

In this opinion the other judges concurred.