ALICE FLYNN *vs.* GIOVANNI PERACCHIO ET ALS.
JANE FLYNN *vs.* SAME.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued January 2d—decided February 6th, 1934.

*John F. McDonough,* for the appellants (defendants).

*Edward J. Daly,* with whom was *Leo J. Dowling,* for the appellees (plaintiffs).

MALTBIE, C. J.  The plaintiffs in these two actions were riding northerly upon the highway leading from

New London to Hartford in an automobile operated by the plaintiff Alice Flynn. It came into collision with an automobile truck operated by the defendant Peracchio and owned by him and the defendant Rossi, which was traveling southerly upon the same highway. The trial court gave judgment for the plaintiffs in both actions and the defendants have appealed, claiming that the defendant driver was not negligent and that the plaintiff Alice Flynn was guilty of negligence which was the proximate cause of the accident.

The trial court has found that the collision occurred within an intersection of the highway upon which the cars were proceeding with another highway, that the former makes a sharp curve and also rises to the south at a grade of about six per cent within the intersection, and that defendants' truck in passing another going in the same direction crossed the center line of the highway to its left and was turning back to its right side of the highway when the accident occurred, but had not entirely crossed the center line. The only request to correct the finding as far as it concerns the issue of the negligence of the defendant truck driver, which is made in accordance with our rules, consists of an attempt to strike out two statements in it, that when the car in which the plaintiffs were riding came into the intersection the truck was then upon its left side of the highway and that after the collision the truck went on until it reached its right side of the highway. There was testimony to support both of these findings and the main reliance of the defendants in their effort to strike them out is upon certain physical facts they claim to have established.

Two of the defendants' witnesses testified as to tire marks upon the highway near the point of collision. But the description given of the marks claimed by one of the witnesses to have been observed by him

close to the scene of the accident may well have seemed to the trial court very inconclusive, and in view of the failure of the officer of the state police who investigated the accident before the cars were moved to testify to any marks near the point of collision, although describing another mark some distance away, the trial court might reasonably have discredited the testimony of both of these witnesses. In these circumstances their evidence falls far short of establishing the existence of the marks as indisputable physical facts. *Willows* v. *Snyder,* 116 Conn. 213, 215, 164 Atl. 385.

The other physical fact relied upon by the defendants is that, as the trial court states in the finding, after the truck came to a stop it was not possible to move it until the body had been raised from the left rear wheel upon which it rested, by means of crowbars. But the trial court also found that the truck continued on for a distance after the collision; that finding has support in the testimony offered; and we cannot say that the inability to move the truck after it stopped because of the position of the body upon the wheel necessarily required a finding that this condition ensued immediately upon the happening of the collision, so that the car could not have proceeded forward after it took place. The finding as it relates to the negligence of the defendant driver must stand. The conclusion that he was negligent necessarily follows, in this respect, to go no farther, in that he was violating the statute requiring motor vehicles while within a highway intersection to keep to the right of the center line of the highway. General Statutes, Cum. Sup. 1931, § 306a (Cum. Sup. 1933, § 451b).

The trial court has found that the plaintiff driver saw the defendants' truck behind the other truck when she was one hundred and forty-seven feet south of the

intersection and applied her brakes so as to leave a tire mark twenty-five feet long; that thereafter she continued to apply the brakes so as to cause a gradual reduction of the speed of the car until it had come almost to a stop as it entered the intersection; that she could not turn her car further to the right because of an embankment, a stone wall and some poles upon the east side of the highway; that the collision occurred upon her right side of the highway; and that for a considerable distance south of the intersection and before reaching it she was operating her car in a reasonable and careful manner on her right side of the highway. The latter two findings are attacked by the defendants, but the evidence affords them adequate support. We cannot say that, upon a situation so found to exist, the plaintiff driver was guilty of negligence as matter of law. That by taking other precautions she might have avoided the accident is by no means conclusive that she was negligent. "One who is put in a perilous position by the negligence of another, cannot be regarded as guilty of contributory negligence if he takes such steps to protect himself as a reasonably prudent person would take, even though he might have avoided the injury by the use of better judgment or by taking a course other than the one he adopted." *Burk* v. *Corrado,* 116 Conn. 511, 515, 165 Atl. 682.

There is no error.

In this opinion the other judges concurred.