LEONA LUTH *vs.* JOSEPH BUTWILL.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued December 4th, 1934—decided January 21st, 1935.

*John E. Whalen,* with whom, on the brief, was *Michael V. Blansfield,* for the appellant (defendant).

*John F. McDonough* for the appellee (plaintiff).

PER CURIAM.   This was an action for assault, brought by a tenant against her landlord, tried to the court and resulting in a judgment for the plaintiff on January 23d, 1934.   No further action was taken until February 22d, 1934, when a "Motion to set aside Judgment" was filed.   This was denied February 28th, 1934.   Subsequently, a motion for an extension of time to appeal from the judment having been denied, two motions for extension of time to appeal from the denial of the motion to set aside the judgment were filed and granted and the appeal was finally filed March 24th, 1934, from the denial of the motion to set aside the judgment and the refusal to extend the time for taking an appeal from the judgment.   As to the latter ground, the record is barren of any facts indicating that the trial court abused its discretion.   No appeal from the final judgment was taken.

· It follows that the certification of the evidence in support of the appeal from the judgment taken at the trial of the original action serves no purpose and may not be considered by us.

The basis of the motion to set aside the judgment was that the defendant could produce certain additional evidence, summarized in it, relevant to the issues in the case. When the motion came on for hearing, no witnesses were produced and the case was argued upon the allegations of the motion. The production of witnesses in support of the newly discovered evidence was necessary unless their testimony was formally admitted. *Gannon* v. *State,* 75 Conn. 576, 578, 54 Atl. 199; *State* v. *Goldberger,* 118 Conn. 444, 456, 173 Atl. 216. Under these circumstances there was no basis upon which the trial court could properly make a finding. No issue of law was made as to the sufficiency of the allegations and the record affords no basis upon which we can review the denial of the motion. If we were to treat the proceeding as presenting an issue as to the sufficiency of the allegations as matter of law, we would have to sustain the conclusion of the trial court because it does not appear from them that the defendant could not, by the use of due diligence, have produced the alleged newly discovered evidence at the trial. This in itself would justify the denial of the motion. *Meriden* v. *Rogers,* 111 Conn. 115, 149 Atl. 406.

There is no error.