RALPH VITALE *vs.* ARTHUR B. BURTON.

MALTBIE, C.J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued April 6th—decided May 12th, 1937.

*Ellsworth B. Foote,* with whom, on the brief, were *David E. FitzGerald, Jr., Joseph M. Brandon* and *John Clark FitzGerald,* for the appellant (plaintiff).

*Robert Levett,* with whom, on the brief, was *David M. Reilly,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover for injuries sustained when an automobile in which he was riding was struck in the rear by a small truck driven by the defendant, and has appealed from the denial of his motion to set aside as against the evidence the verdict rendered for the defendant. The automobile had stopped at a street intersection. There was a direct conflict of evidence as to the way in which the accident happened. That offered by the plaintiff was to the effect that the automobile had been proceeding along the street near the curb and was still in the same line of traffic when, while it was stopped, it was struck. The evidence offered by the defendant was that the truck was proceeding in a straight line so far out from the curb as not to be in the same line of traffic as the automobile; that, as the truck approached

the intersection, it was following, at some distance behind, a trolley car proceeding in the same direction; that several automobiles had stopped in a line near the curb because the trolley car had stopped at the intersection; that the automobile in which the plaintiff was riding, the third car in the line, quickly turned to the left into the course which the truck was following; and that it had stopped for the traffic light when it was struck by the truck. The plaintiff in his brief in effect concedes that the jury might have accepted as true this evidence of the defendant, but contends that the defendant was nevertheless negligent because he did not exercise reasonable care to avoid the accident after the automobile turned into the course of the truck, either by stopping the truck or turning to the left.

The plaintiff stresses the distances and time factors appearing in the testimony of the defendant, but as we pointed out in *Toth* v. *Perry,* 120 Conn. 680, 683, 182 Atl. 464, under such conditions as were involved in this accident absolute accuracy of statement as to such matters cannot be expected. The jury upon the testimony could have reasonably concluded that after the automobile had straightened out in front of the truck and was proceeding forward it was only fifteen or twenty feet ahead of it; that the defendant was watching it and his attention was thereby diverted from the traffic light so that he did not see that it was red; that the stopping of the automobile was not anticipated by him; and that when he perceived it was stopping he applied his brakes, bringing the truck so nearly to a stop that the collision was very slight. The jury might also have found that the turning of the automobile into the path of the truck created something in the nature of an emergency which they were entitled to consider in determining whether the de-

fendant exercised reasonable care in watchfulness, in trying to stop the truck before striking the automobile, and in not turning to the left. *Dole* v. *Lublin,* 112 Conn. 603, 605, 153 Atl. 856; *Burk* v. *Corrado,* 116 Conn. 511, 515, 165 Atl. 682; *Flynn* v. *Peracchio,* 118 Conn. 124, 127, 170 Atl. 926. The jury could reasonably have interpreted the statements made by the defendant at the time of the accident as not amounting to an admission of negligent conduct upon his part. We agree with the trial court that the verdict has sufficient support in the evidence so that it could not properly be set aside.

There is no error.