FRANK SALINARDI *v.* STATE OF CONNECTICUT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 5th—decided November 1st, 1938.

*John F. Tobin,* for the appellant (plaintiff).

*Maurice T. Healey, Jr.,* with whom, on the brief, was *William J. Larkin,* Prosecuting Attorney, for the appellee (the State).

HINMAN, J.   On October 21st, 1937, the plaintiff was tried in the Court of Common Pleas upon informations charging him with assault, breach of the peace, and resisting an officer, the jury returned a verdict of guilty, and sentence was imposed on October 26th but stay of execution was granted pending an appeal.   On December 1st, 1937, the plaintiff brought this petition, alleging that since the trial the plaintiff had discovered material evidence in his favor which he failed to discover before or during the trial, although he used all due and reasonable diligence in endeavoring to find testimony in his favor, which evi-

dence was set forth in the form of affidavits annexed to the petition; a transcript of the evidence upon the trial also was annexed. The answer denied the allegation of due diligence, the alleged new evidence and the further allegation that the verdict was unjust.

At the hearing the plaintiff sought first to introduce the testimony of the persons whose evidence was set forth in the affidavits which accompanied the petition. To these proffers the State objected on the ground that the plaintiff should first show that this evidence was not discovered or discoverable by the exercise of due diligence prior to or during the former trial, and the trial court so ruled. Salinardi then rested without attempting to prove that the evidence he offered was newly discovered and not discoverable with due diligence in season for introduction on the trial. The validity of this ruling is the issue on the appeal.

The statute (General Statutes, § 5701) under which this action is brought includes the discovery of new evidence among the causes for which new trials may be granted. The petition must allege and set forth the evidence produced on the former trial, together with the newly discovered evidence. *Gannon* v. *State*, 75 Conn. 576, 578, 54 Atl. 199; 1 Swift's Digest, s. p. 788; Practice Book, Form 510, p. 325. The ultimate purpose of this requirement is that the court may determine whether the new evidence is such that it is likely to reverse the result, so that, for lack of it, an injustice has probably been done. *Gannon* v. *State*, supra, p. 578. However, "to entitle a party to a new trial for newly-discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with reasonable diligence, a new trial will not be granted." *White* v. *Avery*, 81 Conn. 325, 328, 70 Atl. 1065; *Hall* v. *Tice*, 86 Conn.

684, 688, 86 Atl. 560. Proceedings upon a petition for a new trial are somewhat informal and the defendant, without controverting the accuracy of the statements of testimony in or annexed to the petition, may raise the question whether the court, in the exercise of the liberal discretion vested in it, should grant relief to the plaintiff. *Moomjian* v. *Fine,* 116 Conn. 697, 163 Atl. 406.

The proper order of proof may well depend upon the determinative issue. If that be the presence or absence of due diligence in the discovery of the new evidence, evidence on that point may logically precede development of the nature and extent of the new evidence and consideration of its materiality to the result, for without a showing of the requisite diligence that further consideration would not be reached. This was the procedure in *Hall* v. *Tice,* supra; 130 Supreme Court Records & Briefs (3d Dist., Jan. 1913) 581, 590. Where, however, due diligence is not controverted and the paramount question is whether the new evidence is such as would probably change the result if a new trial be granted, the course indicated would be to proceed immediately to testimony disclosing the new evidence, as in *State* v. *Goldberger,* 118 Conn. 444, 173 Atl. 216; Supreme Court Records & Briefs, Vol. A-53, 500, 510.

From our earliest decisions the order of proof has been made subject to the exercise of a liberal discretion by the trial court. *Hurlburt* v. *Bussemey,* 101 Conn. 406, 416, 126 Atl. 273, and cases cited. The exercise of this discretion is particularly applicable in a matter such as this where, upon the entire case, the granting of a new trial rests so largely in the discretion of the court. In the present instance the evidence relied on and alleged to have been newly discovered appears from the affidavits to have concerned the tes-

timony given by a police officer in the first trial of Salinardi in the City Court of Waterbury. As of necessity the plaintiff was present when that testimony was given, inquiry in the present proceeding as to the prerequisite of due diligence, before embarking upon a development of what the testimony was and its potential effect upon the result would seem to have been definitely indicated. We do not construe the ruling as being to the effect that it was obligatory upon the plaintiff, as a matter of law, to take the course prescribed, but regard it as made in contemplation and exercise of the trial court's discretionary power over the order of proof and we cannot say that it was an abuse of that discretion. If the plaintiff had complied with this reasonable requirement as to order of proof and could have satisfied the primary requisite of diligence he could and doubtless would have had opportunity to demonstrate whether his new evidence was such as to warrant a new trial.

There is no error.

In this opinion the other judges concurred.