WILLIAM J. STABILE *v.* D. & N. TRANSPORTATION COMPANY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued March 3—decided April 10, 1942.

*Philip R. Shiff,* for the appellants (defendants).

*Louis W. Webber,* with whom was *Thomas F. McDonough,* for the appellee (plaintiff).

ELLS, J.  A truck driven by the plaintiff collided in the night time with the rear of one owned by the

defendant D. & N. Transportation Company and operated by the defendant Maddocks. The trial court rendered judgment for the plaintiff against both defendants, and they appealed, assigning as error the conclusion that the plaintiff was free from contributory negligence. They seek corrections in the finding, and claim that upon the finding as corrected the plaintiff was plainly guilty of contributory negligence in failing to keep a proper lookout and to keep his truck under proper control.

The burden of proof upon this issue was upon the defendants. General Statutes, Cum. Sup. 1939, § 1399e. The evidence was in sharp conflict. There is testimony reasonably supporting the court's finding of these facts: While the truck driven by the plaintiff was proceeding upon its own side of the road, the one driven by Maddocks came from behind and passed it on the left, and suddenly and without warning cut in front and stopped. The immediate cause of the collision was the sudden stop. While Maddocks was passing and cutting in, the signal light at an intersection was changing from green to amber to red. Maddocks' truck concealed the change from the plaintiff. At the time Maddocks' truck was overtaking the plaintiff, the latter, intending to slow down and draw alongside another truck slightly to his right and proceeding in the same direction, looked in his mirror, saw no vehicle behind him, operated the mechanism intended to flash on the rear arrow lights, slackened speed and turned the truck slightly to the left. He was at all times on his own side of the center line of the highway. When Maddocks cut in and stopped, the distance between the two trucks was only three to five feet. The plaintiff turned to his right in the endeavor to avoid a collision, but it was too late.

No correction in the finding can be made which will

affect the question on appeal. It was not disputed that the court could have found the defendant driver negligent. Upon the facts found, we cannot say the trial court was in error in concluding that the plaintiff was free from negligence which was a substantial factor in causing his own injury. The question of contributory negligence is ordinarily one of fact, and we conclude that there is nothing in this case to take it out of the general rule. *Girard* v. *Kabatznick,* 128 Conn. 520, 525, 24 Atl. (2d) 257, and cases there cited; *Vitale* v. *Burton,* 122 Conn. 667, 668, 192 Atl. 264.

In their request for a finding, the defendants asked the trial court to state in its finding that they had made claims of law to the effect that the truck operated by the plaintiff was so constructed as to make applicable § 613c of the Cumulative Supplement, 1935; that the plaintiff had failed to comply with the statute; and that his violation of its provisions constituted negligence on his part which was a proximate cause of the collision. The court refused to so find, and this is assigned as error. Aside from the fact that the court apparently had adequate reason for this refusal, we point out that since it does not appear in the finding that any such claims were made at the trial the only way by which the defendants could bring the matter before us would be by proceedings to rectify the appeal. See Conn. App. Proc., § 141, note 9.

The only assignment of error concerning rulings upon evidence which requires mention relates to a question asked of the defendant driver on redirect examination as to whether the flashing of headlights of a truck back and forth between high beam and low beam was a well-recognized and customary signal, understood by truck drivers as a signal of intent to pass. The question was excluded. In justification of this ruling we resort to the evidence to supplement the

incomplete finding as to the circumstances under which the ruling was made. Conn. App. Proc., § 73. The question referred to previous cross-examination of the witness and the record shows that he was there referring to a signal he claimed to have given in passing a truck other than that involved in the collision, a considerable distance to the rear, and that there was no evidence that he gave the signal in passing the latter. Under these circumstances the exclusion of the question was not erroneous.

There is no error.

In this opinion the other judges concurred.