JOHN F. MINER [PETER J. BORAS, ADMINISTRATOR C. T. A., SUBSTITUTED PLAINTIFF] *v.* FREDERICK P. MINER ET AL.

JENNINGS, BALDWIN, INGLIS, O'SULLIVAN and ROBERTS, Js.

Argued March 6—decided April 24, 1951

*Allyn L. Brown, Jr.*, with whom, on the brief, was *Charles W. Jewett*, for the appellant (plaintiff).

*Richard F. Corkey*, for the appellees (defendants).

JENNINGS, J. The principal question in this case involved the validity of the delivery of a deed by the plaintiff's decedent to the defendants. The case was tried by a state referee. The subordinate facts found by him support his conclusion that the deed was handed to one of the defendants "with the intent to deliver it and to transfer title to the property in question" to them. The judgment must stand unless it is vulnerable on procedural grounds.

The situation as reflected in the judgment is as follows: John F. Miner brought suit on August 8, 1946, to quiet the title to an interest in a piece of land in Waterford. He died in 1947. On September 4, 1947, Peter J. Boras entered his appearance to prosecute the action

as administrator c. t. a. The case was referred to a state referee, who made his report March 16, 1949, finding the issues for the defendants. The plaintiff remonstrated to the report on April 5, 1949. The remonstrance was overruled on May 25, 1949. On June 25, 1949, the plaintiff filed a petition for a new trial. On June 30 judgment was rendered for the defendants and the petition for a new trial was denied after a hearing thereon, "no plea or answer being filed thereto."

The trial court recited in its finding the circumstances under which the petition was heard. It stated, among other things, that no evidence was offered in support of the allegations of the petition and that no claim was made by the plaintiff that he exercised due diligence in the production of evidence before the referee. The plaintiff claimed that the paragraphs of the finding summarized above were found without evidence. They are not findings of the type that is based on evidence. They are recitals of events which occurred at the hearing and which do not appear in the record. A similar situation exists when a trial court finds that certain things occurred during a conference in chambers or a view of the premises. The only way to correct a finding as to such matters is by a motion to rectify the appeal. *Stabile* v. *D. & N. Transportation Co.,* 129 Conn. 11, 13, 26 A. 2d 12; Practice Book § 365. No such motion was made, and the plaintiff must take the record as it stands. Without correction, the record furnishes no substantial ground of appeal for the principal reason that the assignments of error addressed to the denial of the petition for a new trial are not based on claims raised in the trial court. Practice Book § 363. We are not obliged to consider them but we notice the matter briefly.

One of the burdens assumed by a petitioner for a new trial is that of proving the substance of the new evi-

dence proposed to be offered. No such proof was furnished. The situation was similar to that in *Luth* v. *Butwill*, 119 Conn. 697, 176 A. 552, where we said (p. 698): "When the motion came on for hearing, no witnesses were produced and the case was argued upon the allegations of the motion. The production of witnesses in support of the newly discovered evidence was necessary unless their testimony was formally admitted. . . . Under these circumstances there was no basis upon which the trial court could properly make a finding. No issue of law was made as to the sufficiency of the allegations and the record affords no basis upon which we can review the denial of the motion." When the adverse party elects to file a demurrer, the allegations of the petition are admitted for the purpose of ruling on the demurrer. *Krooner* v. *State*, 137 Conn. 58, 62, 75 A. 2d 51. No such procedure was adopted in the case at bar.

The plaintiff's contention that the failure of the defendants to plead to the petition amounted to an admission of all of the facts alleged therein is not well taken. We said, in *Gannon* v. *State*, 75 Conn. 576, 578, 54 A. 199, with reference to proceedings on a petition for a new trial: "If the adverse party desires to controvert the accuracy of the statement of the former testimony, or of the new testimony set forth, or to produce other testimony to be considered with that alleged, he may do so, and for this purpose no pleadings are essential. 1 Swift's Digest, 788." See also *Moomjian* v. *Fine*, 116 Conn. 697, 698, 163 A. 406; *Salinardi* v. *State*, 124 Conn. 670, 673, 2 A. 2d 212. If, under our practice, the opposing party is free to controvert the essential allegations of a petition for a new trial without pleading to them, it can hardly be contended that a failure to plead is to be interpreted as an admission of them. Under these circumstances, the failure of the plaintiff

to offer his new evidence was alone sufficient to justify the denial of the petition.

Even if it were true that the failure to answer the petition in this case amounted to an admission of all the facts properly pleaded therein, the plaintiff would be no better off. An essential allegation of such petition is that the evidence claimed to have been newly discovered will, if offered, probably produce a different result. *State* v. *Goldberger,* 118 Conn. 444, 457, 173 A. 216. No such allegation appears. The petition was demurrable. The action of the trial court in denying the petition for a new trial was correct.

The final claim of the plaintiff is that the trial court and this court are without jurisdiction because of the absence of necessary parties. The specific claim of the plaintiff is that the title to the land in question descended to the heirs or devisees of John F. Miner on his death and that they were necessary parties to any action involving the validity of that title. On the death of John F. Miner, the plaintiff, as his administrator, entered his appearance to prosecute the case. He did prosecute it to judgment. After judgment and during the process of perfecting his appeal, he advanced the claim for the first time that he was not a proper party and that the court had no jurisdiction to hear the plea which he had tendered. Claims of this character are not regarded with favor. *Thibault* v. *Frechette,* 135 Conn. 170, 172, 62 A. 2d 863; *Rusch* v. *Cox,* 130 Conn. 26, 34, 31 A. 2d 457; *Russell* v. *Lassoff,* 125 Conn. 736, 737, 7 A. 2d 435.

The trial court had jurisdiction of the subject matter. General Statutes § 7120; see *Tremp* v. *Patten,* 132 Conn. 120, 128, 42 A. 2d 834. General Statutes, § 8337, provides that "No civil action or proceeding shall abate by reason of the death of any party thereto, but it may be continued by or against the executor or administra-

tor of such decedent." This statute is adequate to prevent a vacation of the judgment as requested by the plaintiff. It specifically authorizes the action taken by him even though the legal title may be in the heirs or devisees. *Blodgett* v. *Bridgeport City Trust Co.,* 115 Conn. 127, 144, 161 A. 83; *Phelan* v. *Elbin,* 84 Conn. 208, 212, 79 A. 187. The executor or administrator has, at common law, the right and duty to recover or clear title to real property when the estate is insolvent. *Sanford* v. *DeForest,* 85 Conn. 694, 698, 84 A. 111; see *Pierce* v. *Prescott,* 128 Mass. 140, 146. Section 8337 gives him that right under the circumstances here present. In *Cole* v. *Jerman,* 77 Conn. 374, 59 A. 425, an administratrix c. t. a. had entered to defend a suit which had been brought against her testator during his life. We there said (p. 382): "The defendant voluntarily entered to defend, as defendant, the case commenced against Jerman. She cannot now question the regularity of such proceeding nor complain of the form of judgment running against 'the defendant.'" See also *Pickett* v. *Ruickoldt,* 91 Conn. 680, 682, 101 A. 82; *Plimpton* v. *Mattakeunk Cabin Colony, Inc.,* 6 F. Sup. 72, 74.

*Fenton* v. *Fenton Building Co.,* 90 Conn. 7, 96 A. 145, particularly relied on by the plaintiff, is not in point. The suit involved an interest in land, but neither the owner nor any representative of the owner was a party. *Kuehne* v. *Town Council,* 136 Conn. 452, 72 A. 2d 474, concerned zoning rights, not an interest in land as such. The other cases cited by the plaintiff either antedated § 8337 and its predecessors or were outside its field.

There is no error.

In this opinion the other judges concurred.