Dwain R. Johnson *v.* State of Connecticut

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued October 13—decision released November 23, 1976

*Ronald E. Cassidento,* with whom was *Jeffrey D. Jelly,* for the appellant (plaintiff).

*Richard F. Banbury,* chief assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (defendant).

Per Curiam. On October 13, 1971, the plaintiff was found guilty of three counts of a substituted information which charged him with possession of a narcotic drug with intent to sell, with possession of a narcotic drug, and with conspiracy to violate §§ 19-480a and 19-452 of the 1969 Supplement to the General Statutes relating to dependency producing drugs. On appeal from the judgment rendered in that case, this court found no error. *State* v. *Johnson,* 166 Conn. 439, 352 A.2d 294.

This appeal is taken from the denial of a petition for a new trial. The sole issue presented is the claim that a new trial should have been granted by the trial court because the state had failed to comply with the mailing provision of § 19-483 (b) of the General Statutes. That statute, which became effective on October 1, 1971, provides that the state shall forward to defense counsel a copy of the toxicological report prior to offering it into evidence at

trial. It is conceded that the state did not comply with that statutory provision. It is the plaintiff's contention that that noncompliance by the state constituted "other reasonable cause" under the provisions of § 52-270[1] pertaining to the "causes for which new trials may be granted."

The law in this state relative to new trials is well established and was recently thoroughly reviewed in *Reilly* v. *State,* 32 Conn. Sup. 349, 355 A.2d 324. The primary test is whether an injustice was done and whether it is probable that on a new trial a different result would be reached. *Taborsky* v. *State,* 142 Conn. 619, 623, 116 A.2d 433; *Dortch* v. *State,* 142 Conn. 18, 21, 110 A.2d 471; *Smith* v. *State,* 141 Conn. 202, 208, 104 A.2d 761. The burden of proving the probability of a different result is upon the plaintiff, and in determining that issue the trial court exercises a discretion which cannot be set aside unless its discretionary power has been abused. *Smalls* v. *State,* 172 Conn. 18, 372 A.2d 138; *Taborsky* v. *State,* supra; *State* v. *Goldberger,* 118 Conn. 444, 457, 173 A. 216.

On the record of this case, there is no evidence of an abuse of discretion by the trial court.

There is no error.

---

[1] "[General Statutes] Sec. 52-270. CAUSES FOR WHICH NEW TRIALS MAY BE GRANTED. The superior court . . . may grant a new trial of any cause that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or for other reasonable cause, according to the usual rules in such cases."