JAMES SMALLS *v.* STATE OF CONNECTICUT

HOUSE, C. J., LOISELLE, BOGDANSKI,. LONGO and BARBER, Js.

Argued October 14—decision released November 23, 1976

*Alan Neigher,* special public defender, for the appellant (plaintiff).

*Walter D. Flanagan,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

PER CURIAM. On May 6, 1971, James Smalls was convicted in the Superior Court in Fairfield County of a violation of the state dependency producing drug law, General Statutes § 19-480. This appeal is from the denial of a petition for a new trial. The law in this state relative to new trials has been well established and recently summarized in *Reilly* v. *State,* 32 Conn. Sup. 349, 355 A.2d 324. In *Taborsky* v. *State,* 142 Conn. 619, 623, 116 A.2d 433, we stated: "[T]he primary test is whether an injustice was done and whether it is probable that on a new trial a different result would be reached. *Smith* v. *State,* 141 Conn. 202, 208, 104 A.2d 761; *Dortch* v. *State,* 142 Conn. 18, 21, 110 A.2d 471. The burden of proving the probability of a different result is upon the plaintiff, and in determining that issue the trial court exercises a discretion which cannot

be reviewed unless its discretionary power has been abused. *State* v. *Goldberger,* 118 Conn. 444, 457, 173 A. 216."

On the record in this case, there is no evidence of an abuse of discretion by the trial court.

There is no error.