[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #101
On May 8, 1990, the court, Moraghan, J., rendered a judgment against the plaintiff, Mark Kostak, in his suit against the defendant, the Torrington Country Club. On November 13, 1991, the plaintiff filed this petition for a new trial, claiming that he has discovered material evidence which he failed, and was unable to discover prior to or during the trial. The plaintiff has attached to his petition a list of exhibits and evidence "produced by [the parties] at the trial."
On November 26, 1991, the defendant filed a motion to strike the CT Page 787 petition for a new trial. In its supporting memorandum the defendant claims that the petition should be stricken because the plaintiff's attached list of exhibits is insufficient, as said list does not contain all evidence produced at the trial relevant to the issue for which the plaintiff now claims newly discovered evidence. The defendant also claims that the petition should be stricken because the plaintiff has failed to allege that this newly discovered evidence is likely to produce a different result than that reached at the trial.
On December 10, 1991, the plaintiff filed a motion in opposition to the motion to strike, attaching thereto a supporting memorandum. The plaintiff contends that he has complied with all of the requirements of petitioning for a new trial as specified in Form 604.14 of the Practice Book (Forms), and that the motion to strike should be denied.
A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded," Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), and the court is required to construe the facts in the complaint most favorably to the plaintiff when considering such a motion. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
"An essential allegation of [a petition for a new trial] is that the evidence claimed to have been discovered will, if offered, probably produce a different result." Miner v. Miner, 137 Conn. 642, 646,80 A.2d 512 (1951). See also State v. Goldberger, 118 Conn. 444, 457,173 A. 216 (1934); Smalls v. State, 172 Conn. 18, 18, 372 A.2d 138
(1976). Absent such an allegation, the petition is demurrable. Miner, supra. In the present matter, no such allegation has been made. Consequently, the motion to strike is granted, and it is not necessary for this court to examine the sufficiency of the evidence proffered.
PICKETT, J.