[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE AND MOTION FOR ORDER
The case arises out of a multi-vehicle accident. On October 3, 1989, the plaintiffs' decedent, Daniel Ray Freeland, II ["Freeland"], was travelling in the southbound land of Interstate 95 when the vehicle he was operating was struck in the rear by a tractor-trailer operated by the defendant, David Chalvisan ["Chalvisan"], and owned by the defendants, Atlantic Waste Paper Company, Inc. ["Atlantic Waste Paper"] and Atlantic Leasing Company ["Atlantic Leasing"],[1] resulting in the injury and death of Freeland.
As a result of Freeland's death, the plaintiffs, Daniel Ray Freeland, Sr. and Cynthia Ann White, co-administrators of his estate, filed a one-count complaint on July 15, 1991 against the defendants, Chalvisan, Atlantic Waste Paper and Atlantic Leasing [hereafter the "original defendants"]. On June 29, 1992, the original defendants filed an answer and three special defenses.
On December 2, 1992, the original defendants filed a motion to cite in Lobo Company, Lobo, Inc.["Lobo"], Jeffrey Jarvis ["Jarvis"], D.J. Newton Trucking, Inc. ["Newton Trucking"], Andre Dixon ["Dixon"] and Mario Delvalle ["Delvalle"], the owners and operators of other vehicles involved in the accident, as additional defendants. The original defendants prepared a proposed "Amended Complaint" which they attached to their motion. On January 29, 1993, the court (Ballen, J.) granted the original defendants' motion to cite in. At the request of the original defendants, the CT Page 6151 court ordered that a writ, summons and the "Amended Complaint" be served upon the additional defendants.
On February 18, 1993, the original defendants filed the "Amended Complaint" and caused it, along with a writ of summons, to be served upon each of the additional defendants. Each count of the "Amended Complaint" states a claim for wrongful death: The first count is against the original defendants. The second count is against the additional defendants Jarvis, Lobo, Inc. and Lobo Company. The third count is directed at the additional defendants Dixon and Newton Trucking. The fourth count is against the additional defendant Delvalle. The "Amended Complaint" seeks money damages, including double or treble damages pursuant to Conn. Gen. Stat. 14-295, against all defendants.
On March 23, 1993, Newton Trucking and Dixon filed a motion to strike the third count of the "Amended Complaint" (#125), with a supporting memorandum of law (#126). On March 26, 1993, Lobo and Jarvis filed a motion to strike the second count of the "Amended Complaint" (#127), also with supporting memorandum of law (#128). On March 30, 1993, Delvalle filed a motion to strike the fourth count of the "Amended Complaint" (#129) and a supporting memorandum of law (#130). Thereafter, the original defendants filed a memorandum in opposition to the defendants' motion to strike.
At the short calendar on May 3, 1993, this court heard arguments concerning the motions filed by Newton Trucking, Dixon and Delvalle.[2] In addition, a Motion for Order (#132), filed by the original defendants, was calendared for the same date. In this motion, the original defendants request the court to order the plaintiff to file a "substituted complaint" against the additional defendants.
Each of the motions to strike are essentially the same and assert the following grounds: (1) the amended complaint is in improper form in that there is no provision in either the Practice Book or the General Statutes which allows an original defendant to file an amended complaint, on behalf of a plaintiff, that seeks to recover damages against added defendants; (2) the second, third and fourth counts state claims for contribution among joint tortfeasors which are premature and improper; and (3) the second, third and fourth counts are barred by the doctrine of res judicata. The additional defendants argue in the alternative that, if the second, third and fourth counts are permitted to survive, paragraphs 1, 2 and 3 of the prayer for relief be stricken on the ground that they CT Page 6152 seek relief outside the scope of the original defendants' motion to cite in and they are not permitted under Connecticut law.[3]
This case highlights the procedural problems associated with citing in additional defendants pursuant to the provisions of Conn. Gen. Stat. 52-102 and 52-572h.
Section 52-572h(c) provides, in pertinent part:
 In a negligence action to recover damages from personal injury . . . occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of one or more party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages . . . .
This language has been read on numerous occasions to allow a defendant to have another person named as a party defendant if that person is potentially liable to the plaintiff. See, e.g., Brozdowski v. Southern Connecticut Gas Co., 7 Conn. L. Rptr. No. 9, 237, 238 (September 21, 1992) (Katz, J.); Pierce v. Delaney, 7 Conn. L. Rptr. No. 12, 349 (October 12, 1992) (Reilly, J.); McKeever v. Papcun, 4 Conn. L. Rptr. 303 (1991) (Jones, J.); Deveau v. Buccheri, 4 Conn. L. Rptr. 280 (1991) (Hennessey, J.); Howard v. Capellan, 2 Conn. L. Rptr. 68 (1990) (Maloney, J.). These courts have concluded that other potentially liable persons are to be deemed necessary parties pursuant to Conn. Gen. Stat. 52-102
since under 52-572h(c), as revised effective October 1, 1987, defendants cannot have their liability reduced in proportion to the liability of any other person unless that person is made a party to the action.
Thus, this court (Ballen, J.) appropriately granted the original defendants' motion to cite in the additional defendants which was made solely on the ground of apportionment of responsibility. (See Defendant's Motion to Cite-In filed December 2, 1992) Sections 52-102 and 52-103[4] provide ample authority for the court to grant such a motion and order proposed defendants added as parties. Unfortunately, as the additional defendants note, neither the Practice Book nor the General Statutes clearly identify the procedurally appropriate "next step" by which the pleadings can be closed against these new parties brought in for CT Page 6153 the purpose of apportionment of liability or indeed whether further pleading is even necessary.
The various methods suggested by the courts demonstrate the conundrum. These suggestions include that: the defendant should file a third-party complaint for indemnification, e.g. Lombardi v. Johnstone, 4 CSCR 386 (1989) (Healey, S.T.R.); the plaintiff should "restructure" the complaint to add the party defendant, Pierce v. Delaney, 7 Conn. L. Rptr. at 350; the moving defendant should furnish the allegations, Brozdowski v. Southern Connecticut Gas Co., 7 Conn. L. Rptr. at 240; and the original defendant should draft and serve an "amended complaint" naming the additional defendants, e.g., McKeever v. Papcun, 4 Conn. L. Rptr. at 304.
As to the last method, which was used in this case at the suggestion of the original defendants, the motions to strike raise the obvious question: When a plaintiff has not chosen to sue a particular party for damages, how can an originally sued defendant, who seeks apportionment under 52-272h, subsequently state a cause of action on the plaintiff's behalf and cause a writ, summons and complaint seeking damages to be served upon an added party. Stated more simply the question is: can a defendant state a cause of action on a plaintiff's behalf?
Viewed in this way, if the original defendants cannot state a cause of action on the plaintiffs' behalf, then the "amended complaint" does not state a legally cognizable cause of action and must be stricken. See Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545-46, 427 A.2d 822 (1980).
 "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. [Citations omitted.] `A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.' Pavelka v. St. Albert Society, 82 Conn. 146, 147, 72 A. 725 [1909]. . . ." Giglio v. Connecticut CT Page 6154 Light Power Co., 180 Conn. 230, 239, 429 A.2d 486 (1980), quoting Gallo v. G. Fox Co., 148 Conn. 327, 330 (1961). "The phrase `right of action' includes the right to commence and maintain an action." Pickett v. Ruickoldt, 91 Conn. 680, 683, 101 A. 82
(1917).
 Hayes v. Smith, 194 Conn. 52, 62, 480 A.2d 425 (1984) (Emphasis added).
See Sharp v. Mitchell, 209 Conn. 59, 71-72, 546 A.2d 846 (1988). Clearly, the original defendants in this case have no "right to commence and maintain an action." Pickett v. Ruickoldt,91 Conn. at 683; Conn. Gen. Stat. 52-45a. Indeed, by filing the Motion for Order in which they ask the court to order the plaintiff to file a "substitute complaint" against the additional defendants, the original defendants have implicitly acknowledged both that they have no right to maintain an action against the additional defendants, id., and, further, that they cannot plead for the plaintiff. Since the original defendants could not state a cause of action on behalf of the plaintiffs, their amended complaint must be stricken in its entirety.
The court will not order the plaintiff to file a "substitute complaint" that names the additional defendants. See Beccia v. Waterbury, 192 Conn. 124, 127, 470 A.2d 244 (1984) ("Under our adversary system a party may not be compelled to become his opponent's amanuensis."); Baker v. Franco, 7 Conn. L. Rptr. No. 21, 622, 624 (Dec. 21, 1992) (Fuller, J.); Aponte v. Johnson, 7 Conn. L. Rptr. No. 13, 364, 366 (Oct. 19, 1992)(Rush, J.); Lombardi v. Johnstone, 4 CSCR at 386. The interests of the original defendants are adequately protected through the mechanism they have already used: a motion to cite in additional parties, pursuant to 52-102
and 52-572h, to have their liability, if any, apportioned with joint tort-feasors at the appropriate time.
It is not "essential for there to be a complaint against the defendant cited in." Baker v. Franco, 7 Conn. L. Rptr. at 624.
 A statute can require persons to be added as nominal parties without amending the complaint to make allegations or requesting relief against them. This is what the CT Page 6155 legislature intended in Section 52-572h. Neither Section 52-102
nor 52-107 mandates that a new or amended complaint must be served with the citation because no new civil action is required. The original complaint or none at all may suffice.
Id.
Having been served with process, the additional defendants are now parties to this suit, see Goodrich v. Alfred, 72 Conn. 257, 261
(1899), for the purposes sought by the motion to cite in, and no further pleading may in fact be necessary against them. Baker v. Franco, 7 Conn. L. Rptr. at 624; Tedesco v. Whittelaw, No. CV 92-0292978, Superior Court for the Judicial District of Fairfield (May 26, 1993)(Lager, J.).[5] "[T]he apportionment of liability among defendants does not require any claims be made against the . . . additional parties." Haims v. Omni Fitness Equipment Specialists, 8 Conn. L. Rptr. No. 12, 374, 375 (March 22, 1993) (Fuller, J.).
While the foregoing appears dispositive of the motions to strike, the additional defendants' other arguments in support of their motions will be addressed briefly. The additional defendants also claim that the second, third and fourth counts improperly seek contribution in that (1) the additional defendants are not defendants in the underlying wrongful death action and (2) a final judgment has not been rendered. These counts, however, do not allege a claim for contribution, but rather the original defendants attempt to plead a wrongful death action against the additional defendants on behalf of the plaintiffs. To the extent the original defendants are in essence pleading for the plaintiff and as such are not seeking contribution from the additional defendants, the claims are stricken for the reasons set forth above. Furthermore, to the extent the original defendants attempt to seek contribution through these counts, the counts are likewise stricken since a defendant's right to contribution does not arise until after a final judgment has been rendered. Vahey v. Dodson,3 Conn. L. Rptr. 73, 74 (December 31, 1990)(Nigro, J.); Rondeau v. Ritenour,1 Conn. L. Rptr. 413, 414 (March 28, 1990)(Spear, J.): Conn. Gen. Stat. 52-572h(h)(1).
The additional defendants have further claimed that the CT Page 6156 second, third and fourth counts of the amended complaint should be stricken on the ground of res judicata since they are identical to the complaint stricken by this court in Atlantic Waste Paper v. Lobo Company, No. CV 91-288086, Superior Court for the Judicial District of Fairfield (Feb. 26, 1992)(Lewis, J.). The additional defendants have supplied a copy of the memorandum of decision in that case in support of the motions to strike.
This ground is not sustainable for two reasons. First, since it relies upon a matter outside the pleadings it is considered an improper "speaking motion to strike." See Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990); Glastonbury Bank Trust Co. v. Corbett Construction Co, Inc., 7 Conn. L. Rptr. 519, 520 (November 30, 1992) (Walsh, J.), citing Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (Super.Ct. 1979); Anderson v. Hartford State's Attorney's Office, 7 CSCR 1004,1005 (July 15, 1992) (Hennessey, J.). Furthermore, "a prior judgment which would be a bar to a later action, as res adjudicata, is a defense which must be specially pleaded by the party who seeks its benefit. [Citations omitted.]," Beccia v. Waterbury, 185 Conn. 445,451, 441 A.2d 131 (1981); Practice Book 164, and may not be asserted by a motion to strike. Leasecomm Corp. v. Forrest, No. 239414, Superior Court for the Judicial District of New Haven at Meriden (Oct. 14, 1992) (Dorsey, J.).
Accordingly, the additional defendant's Motions to Strike are granted on the first, second and alternative grounds set forth. The "Amended Complaint" is stricken in its entirety. Furthermore, the original defendants' Motion for Order is denied.
LINDA K. LAGER, JUDGE