THE HARTFORD DISTILLERY COMPANY *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

A principal is not accountable for the misrepresentations of his agent while the latter is acting adversely to the principal's interests, unless the principal has held the agent out as having authority to make a representation as to the existence of an extrinsic fact, on the faith of which a third person has rightfully acted to his own injury, or unless the principal has thereafter ratified the contract with knowledge of the agent's conduct.

Notice is not to be imputed to the principal when the agent acts, or makes declarations, not in the execution of any duty which he owes to the principal, but simply to subserve his own personal ends or to commit some fraud against the principal.

A traveling salesman submitted to his employer fictitious orders for goods which the employer in good faith attempted to fill, sending the goods to a common carrier for shipment. The salesman accompanied the goods to the carrier, took from it non-negotiable bills of lading to various dealers about the State as consignees, and later, in each case, obtained possession of the goods by delivering up to the carrier at the place of destination of the shipment the bill of lading signed by him in the name of the consignee. *Held* that the carrier was estopped by its acceptance of the goods for transportation as the property of the plaintiff, from denying its obligations as a carrier; and that as the owner of the goods had not

(1)

clothed the salesman with either actual or apparent authority to receive the goods from the carrier, the latter was liable for neglect of its statutory duty (General Statutes, §§ 4624, 4625) to deliver the goods either to the consignees named in the bills of lading, or to some one lawfully entitled to their possession.

*It seems* that if the named consignees had been fictitious, the carrier would still have been bound to warehouse the goods for the owner.

Argued October 5th—decided November 30th, 1921.

ACTION against a common carrier for nondelivery of goods, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Dickenson, J.;* verdict and judgment for plaintiff for $1,842, and appeal by the defendant. *No error.*

The complaint is based on the common-law liability of the carrier, and alleges in four counts the shipment, nondelivery and consequent total loss of four separate consignments of distilled liquor. In addition to denials of the material allegations of each count, the answer sets up, as a second defense to each count, that the goods were delivered to the defendant by an agent of the plaintiff, that they were shipped in pursuance of a fraudulent scheme on the part of the agent, contrived for the purpose of obtaining them for himself at their destination, and that he did so obtain them; and, as a third defense, that the agent had actual or apparent authority to demand and receive the goods at their destination. Demurrers to the second defense to each count were sustained, and the defendant amended its answer by adding a fourth defense to each count containing a more particular statement of the fraudulent scheme devised and carried out by the agent, and also, by adding an additional special defense to all counts, alleging that the plaintiff was negligent in permitting the agent to handle the shipments and to have possession of the bills of lading. Demurrers to the fourth defenses and to the special defense were sustained, and

the case went to trial on the issues raised by the first and third defenses to each count.

At the close of the evidence the plaintiff and the defendant each moved for a directed verdict in its favor on all counts. The court directed a verdict for the plaintiff on all counts, and the defendant appeals from this ruling and from the ruling of the court sustaining the demurrers to the second and fourth defenses to each count and to the special defense.

*John T. Robinson,* for the appellant (defendant).

*Joseph F. Berry,* with whom was *Charles Sudarsky,* for the appellee (plaintiff).

BEACH, J. There is no dispute as to the material facts. The plaintiff had in its employ as traveling salesman one Gerdis, who prepared and turned into the home office of the plaintiff fictitious orders for the goods in question. The plaintiff, believing these orders to represent sales, sent the goods called for to the freight station of the defendant in Hartford by a truckman in the plaintiff's employ. On each of the four occasions described in the complaint, Gerdis accompanied the goods to the station, and filled out for each shipment a non-negotiable bill of lading naming, in each instance, the plaintiff as consignor and a liquor dealer doing business at the place of destination as the consignee. The original bills of lading, signed by the defendant's freight agent, were returned to the plaintiff's office, but by some contrivance not disclosed by the evidence Gerdis succeeded in regaining possession of them. None of the goods were delivered to the consignees named in the bills, and all were wholly lost to the plaintiff.

The goods mentioned in the first count were con-

signed to one Kaukas of Waterbury, and they were delivered at Waterbury to a truckman hired by Gerdis for that purpose, who surrendered the bill and receipted for the goods. The goods mentioned in the second count were consigned to one Bulk of Waterbury, and they were delivered to Gerdis, who surrendered the bill and receipted for them in his own name as agent for the consignee. Those mentioned in the third and fourth counts were consigned to named liquor dealers doing business in New Haven, and in each case the goods were delivered to Gerdis, who surrendered the bill and forged the name of the consignee to the receipt.

These deliveries were neither to the consignees named in the non-negotiable bills of lading, nor to a person lawfully entitled to the possession of the goods, as required not only by the common law, but by the Uniform Bills of Lading Act (General Statutes, §§ 4624, 4625); and in order to escape liability the defendant makes two defenses: that its acceptance of the goods for transportation did not impose on it the obligation of a carrier, and that the misdeliveries were excusable because the plaintiff had conferred upon Gerdis actual or apparent authority to receive the goods.

The first of these defenses is that contained in the second and fourth defenses to each count, and the defendant's contention is that the court erred in sustaining the demurrers to these defenses because they allege that the shipments were made by the plaintiff's agent as part of, and in aid of, a scheme to defraud the defendant. Two propositions of the law of agency are relied on to support this contention: that a principal cannot enforce a bargain obtained by the fraud of his agent, and that under the doctrine of imputed notice, the knowledge and fraud of the agent is the knowledge and fraud of the principal.

As to the first of these propositions it is well settled in the law of principal and agent, as distinguished from master and servant, that the principal is not accountable for the misrepresentations of his agent while the latter is acting adversely to the principal's interests, unless the principal has held the agent out as having authority to make a representation as to the existence of an extrinsic fact on the faith of which a third person has rightfully acted to his own injury (*New York & New Haven R. Co.* v. *Schuyler*, 34 N. Y. 30; *Phillips* v. *Mercantile National Bank*, 140 N. Y. 556, 35 N. E. 982); or unless the principal afterward ratified the contract with knowledge of the agent's conduct. Neither of these exceptions is applicable to this case.

The doctrine of imputed notice is also subject to a like limitation. As was said in *American Surety Co. v. Pauly*, 170 U. S. 133, 156, 18 Sup. Ct. 552: " The presumption that the agent informed his principal of that which his duty and the interests of his principal required him to communicate, does not arise when the agent acts or makes declarations not in the execution of any duty that he owes to the principal, . . . but to subserve simply his own personal ends or to commit some fraud against the principal." 21 R. C. L. 849; 31 Cyc. 1589, 1590, note 41. For the reasons stated, the Connecticut cases collected in *Trumbull* v. *Hewitt*, 65 Conn. 60, at page 74, 31 Atl. 492, are not in point.

It is also elementary law that the principal is entitled to the benefit of a contract made in his name by an authorized agent. Here Gerdis was expressly authorized to make these shipments on behalf of the plaintiff to the consignees named in the bills, and in legal effect the goods were shipped by the plaintiff itself.

In a certain sense it is true that these contracts

were procured by the fraud of Gerdis, but it does not follow that the contracts are for this reason vitiated *ab origine,* because the fraud is not attributable to the plaintiff, which stands in the position of an owner who has been misled by its own agent into shipping the goods to consignees who did not order them. Moreover, the defendant's assent to these contracts does not rest wholly upon the reality of the meeting of the minds of the parties. It rests also on the delivery and acceptance of these goods for transportation as the goods of the plaintiff, whereby the defendant is precluded, on the plainest principles of equitable estoppel, from denying that it consented to be bound by the obligations which the law attaches to the acceptance of goods for transportation by a common carrier. "If, whatever a man's real intention may be, he so conducts himself that a reasonable man would believe that he was assenting to the terms proposed by the other party, and that other party upon that belief enters into the contract with him, the man thus conducting himself would be equally bound as if he had intended to agree to the other party's terms." Cockburn, C. J., in *Smith* v. *Hughes,* L. R. 6 Q. B. 597, 607; *McGarrigle* v. *Green,* 76 Conn. 398, 403, 56 Atl. 609.

The claim, upon the facts alleged in these defenses, that the consignees were fictitious, and therefore the goods were deliverable to the holders of the bills, is wholly untenable. The consignees were real persons doing business at the destination of the goods, but if no such persons had existed the carrier would still have been bound to warehouse the goods for the owner. *Price* v. *Oswego & Syracuse R. Co.,* 50 N. Y. 213; *Sword* v. *Young,* 89 Tenn. 126, 41 S. W. 481, 604; *Winslow, Ward & Co.* v. *Vermont & Mass. R. Co.,* 42 Vt. 700. The court of Common Pleas did not err in sustaining

the demurrers to the third and fourth defenses to each count.

The defense that the plaintiff had conferred on Gerdis actual or apparent authority to take delivery of the goods, requires little discussion. No evidence of actual authority to take delivery is offered, and none can be inferred from the authority to ship. The claim of apparent authority is wholly inapplicable to the second, third and fourth counts, because it is either stipulated, or proved by undisputed evidence, that Gerdis took delivery of the goods mentioned in these counts in the names of the consignees and not in the name of the plaintiff. As to the delivery of the goods mentioned in the first count, the stipulation is restricted to the fact that the goods were delivered to a truckman employed for that purpose by Gerdis. No evidence was offered that Gerdis or the truckman purported to be acting for the plaintiff, and none that the defendant's freight agent supposed them to be so acting. In the absence of such evidence, the inference from the ordinary course of business would be that the person surrendering the non-negotiable bills was acting for the consignee. Since there is no evidence that Gerdis had actual or apparent authority to take delivery of the goods mentioned in the first count, it is of no consequence that, in pursuing his scheme to defraud the plaintiff, he immediately reshipped them in the name of the plaintiff to another consignee.

The special defense to all counts alleges that the plaintiff was negligent "in permitting the said Gerdis to handle shipments of liquor and have possession of bills of lading in the manner in which said shipments were handled, and in the manner in which Gerdis did have possession of said bills of lading." The demurrer was for lack of any direct allegation that Gerdis did handle shipments and did have possession of bills of

lading in connection with the plaintiff's business. This demurrer was properly sustained. If the defendant had desired to pursue the special defense it could have done so by directly alleging the facts relied on. Besides, for all practical purposes, the same issues were covered by the defense of apparent authority.

Upon the whole record the trial court did not err in directing a verdict for the plaintiff. The loss of the goods was plainly due to the defendant's neglect of its statutory duty to deliver them either to the consignees named in the non-negotiable bills, or to some person lawfully entitled to their possession. Instead of doing so the defendant delivered them to the holder of the bills without requiring proof of identity or authority.

There is no error.

In this opinion the other judges concurred.