ISADORE W. RESNIK *vs.* ROSA MORGANSTERN.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Under our statute (§ 5793) a plaintiff who proves the essential allegations of his complaint and thereby makes out a prima facie case, cannot be nonsuited, notwithstanding the evidence may also establish the truth of an affirmative defense pleaded by the defendant.

Resnik *v.* Morganstern.

The rescission of the contract sued upon, is an affirmative defense which the plaintiff is not bound to meet in proving his own case.

The knowledge of an agent is not to be imputed to his principal in a matter in which the agent is acting adversely to his principal's interest, whether for the agent's own benefit, or that of a third person.

In the present case one W, the plaintiff's subagent, had obtained a written agreement from the defendant, W's cousin, to sell and convey certain real estate in Bridgeport, owned by her, to the plaintiff for $80,000, free and clear of all encumbrances. Concealing from the plaintiff the existence of this contract, W later suggested to the defendant that the agreement ought to provide for a sale subject to outstanding leases, and returned to her the written contract, not with the intention of surrendering it but in order that she might show it to her attorney. Subsequently the parties met, failed to agree upon the sale price, and terminated all negotiations, the defendant giving back $3,000 in two checks of the plaintiff's which W had handed to her in part payment of the purchase price. Thereafter the plaintiff first learned of the execution and existence of the written agreement, and brought this suit for a specific performance of the contract, upon the trial of which he was nonsuited. *Held:—*

1. That inasmuch as the plaintiff had proven the essential allegations of his complaint, he should not have been nonsuited.

2. That the alleged rescission of the contract was a matter of defense to be established by the defendant.

3. That as there was evidence before the jury which would have warranted them in finding that the plaintiff's agent was acting adversely to his interest, the agent's knowledge of the written agreement could not be imputed to the principal, and therefore there could have been, upon these facts, no valid rescission of that contract.

Argued October 26th—decided November 17th, 1923.

SUIT for the specific performance of a contract to sell and convey real estate in Bridgeport owned by the defendant, and for other relief, brought to the Superior Court in Fairfield County where the plaintiff was nonsuited in a trial to the jury before *Wolfe, J.*, and from the refusal of the trial court to set aside such judgment the plaintiff appealed. *Error and new trial ordered.*

*Israel J. Cohn,* for the appellant (plaintiff).

*Carl Foster*, for the appellee (defendant).

WHEELER, C. J.   The plaintiff offered evidence to prove these facts: The plaintiff employed one Schnee to negotiate with the defendant, the owner, for the purchase of the premises known as numbers 1200 and 1202 Main Street, Bridgeport, and Schnee, with the authority of the plaintiff, engaged Leopold Weiss to secure from the defendant a contract for the sale of this property. After considerable negotiation with the defendant, Mr. Weiss reported to the plaintiff that the defendant had agreed to sell upon the following terms: to convey the premises free and clear of all encumbrance for $80,000, $3,000 to be paid at the execution of the contract, $27,000 on January 1st following, and a purchase-money mortgage for $50,000 to run for ten years and bear 6% interest; and the further payment of $2,500 for the income tax upon the transaction.   Weiss reported to the plaintiff that the defendant had agreed to the terms of the contract, but that she was coming to Bridgeport to have her attorney examine the contract at which time, if everything was satisfactory, she would execute the contract.

Weiss was a cousin of the defendant and was advised by his son, an attorney, after he returned to Bridgeport, that the contract ought to have provided for a conveyance subject to existing leases upon the premises, instead of a conveyance free of all encumbrances.   He procured a contract with this provision in it, and returned to the defendant at her home in Hoboken and told her of the desirability of her executing the new contract in place of the old.   The defendant did not execute the new contract, but said she would come to Bridgeport and advise with her attorney as to the matter.   Weiss kept possession of the executed contract until the defendant came to Bridgeport, when he de-

livered it to her together with the second contract for the purpose of having her show them to her attorney, and not with the intention of surrendering the contract already executed. In fact, the terms of his agency gave him no authority to make such surrender.

Subsequently the plaintiff went to the office of defendant's attorney to meet the defendant and sign the contract (the second contract) which carried out the terms as stated to Mr. Schnee by Mr. Weiss. At this interview the defendant's attorney expressed the thought that the defendant was making a bad bargain, and when the plaintiff was unwilling to meet the defendant's demand of a price of $85,000, the parties amicably agreed that all matters relating to the negotiation should be at an end and the defendant returned to the plaintiff two checks, one for $1,000 and one for $2,000, which had been given her at the execution of the first contract in part payment of the purchase price of $80,000.

Shortly after this Weiss told Schnee of the contract of sale which the defendant had executed, and this was the first time the plaintiff had knowledge of this. Had he known of it he would not have agreed that the negotiations were at an end, nor have accepted the checks returned by the defendant. Shortly after learning of the executed contract, the plaintiff began this action. He has at all times been ready and willing to consummate the executed contract of sale.

The plaintiff made out a prima facie case in accordance with the allegations of the complaint. This the defendant's counsel concedes. But, they say, the evidence introduced by the plaintiff established the fact of the rescission of this contract (which the defendant had pleaded as an affirmative defense), but that this was also a necessary fact in the plaintiff's case, since he was bound to prove that this contract was in exist-

ence at the date of suit. Whether the rescission had been legally made, the court held, depended upon whether the plaintiff was conclusively chargeable in law with the knowledge of Weiss, his agent, of the existence of the executed contract, despite his own lack of such knowledge.

The nonsuit was wrongly granted. The plaintiff had proven the essential allegations of his complaint, and under such circumstances a nonsuit could not be granted. If it were true that the evidence also established that the contract sued on had been rescinded, the court could not grant the nonsuit. Rescission is an affirmative defense and the plaintiff is not bound to meet it in establishing his case. If this were not so, a plaintiff would be compelled to assume the burden of proving not only his own case but meeting the special defenses of the defendant. *Fitch* v. *Bill,* 71 Conn. 24, 29, 30, 40 Atl. 910; *Baggish* v. *Offengand,* 97 Conn. 312, 321, 116 Atl. 614.

If our rule were otherwise, we should be obliged to hold that the ground upon which the court based its decision was not sound law. The court held that although the plaintiff did not know of the execution of the contract, he must in law be conclusively held to possess such knowledge because the knowledge of his agent Weiss of the fact of the execution of the contract was his knowledge. It is undoubted law that the knowledge of an agent gained while acting for his principal and in reference to a matter in the course of his agency is the knowledge of the principal. *Ward* v. *Metropolitan Life Ins. Co.,* 66 Conn. 227, 240, 33 Atl. 902; *Smith* v. *Water Commissioners,* 38 Conn. 208, 218. The rule is, however, subject to exceptions. It is founded upon the presumption that the agent will perform his duty and give the knowledge he has obtained in the course of his agency to his principal.

The rule is founded in the public safety. When, however, the circumstances are such as to raise a clear presumption that the agent will not perform this duty, the presumption that he has performed no longer holds. The circumstances have made it intrinsically improbable that the agent will have informed his principal.

Three sets of circumstances which are held to rebut this presumption are: (1) Where it is not the duty of the agent to disclose; (2) when the agent is acting adversely to the interest of his principal, whether for the interest of himself or a third party; (3) where the agent is acting in fraud of his principal. 2 Mechem on Agency (2d Ed.) § 1813. The first exception cannot in any view of the evidence in this case be applicable; the third is not claimed. The plaintiff stands upon the second exception. In this case the second exception would arise if Weiss acted adversely to the plaintiff's interest by concealing his knowledge, either through some interest or motive of his own, or that of another. So that, *pro tanto*, the agency really ceased.

The Supreme Court of the United States, in *American Surety Co.* v. *Pauly*, 170 U. S. 133, 156, 18 Sup. Ct. 552, thus states the rule concerning these exceptions: "The presumption that the agent informed his principal of that which his duty and the interests of his principal required him to communicate, does not arise where the agent acts or makes declarations not in execution of any duty that he owes to the principal, nor within any authority possessed by him, but to subserve simply his own personal ends or to commit some fraud against the principal. In such cases the principal is not bound by the acts or declarations of the agent unless it be proved that he had at the time actual notice of them, or having received notice of them, failed to disavow what was assumed to be said and done in his

behalf." See, also, *Hartford Distillery Co.* v. *New York, N. H. & H. R. Co.,* 97 Conn. 1, 5, 115 Atl. 488; 2 Mechem on Agency (2d Ed.) §§ 1815, 1823.

The jury might reasonably have found that the concealment by Weiss of the existence of the executed contract was antagonistic to his principal, the plaintiff, leading him to agree to the claimed rescission which he would not have done had Weiss done his duty and informed him of the executed contract. The jury might also have reasonably found that Weiss concealed this fact from his principal in order to have the defendant seller, his cousin, make a contract which would have protected her against the encumbrance of existing leases which the executed contract did not do. And the jury might further have found that he concealed this in order to permit the defendant to consult her attorney and ascertain whether she should sign the second contract. And while the jury might reasonably have found that Weiss acted with no intention of injuring his principal and no desire to get for the defendant more than she was reasonably entitled to, and that in no sense was he attempting to benefit himself but to deal fairly with the defendant, the jury might fairly have found that in fact he was acting in antagonism to his principal and against his interest and in the interest of the defendant in this concealment, and that unless he had so acted the plaintiff would not have made the claimed rescission. Under these circumstances the presumption of the law in the ordinary case— that he did do his duty and inform his principal of the executed contract—must give way to the inference which the circumstances clearly indicate, that it is intrinsically improbable that he ever made the disclosure which his duty required him to make. If the knowledge of Weiss of this executed contract is not to be imputed to the plaintiff, the jury could not, upon

the evidence before them, have found that the plaintiff had rescinded this contract. What the case might have developed after the defendant had introduced her evidence, we do not yet know. As far as the case had gone the plaintiff had made out a prima facie case.

The nonsuit was improperly granted. *Miranti* v. *Gallo*, 96 Conn. 222, 113 Atl. 388; *Pentino* v. *Pappas*, 96 Conn. 230, 113 Atl. 451; *Girard* v. *Grosvenordale Co.*, 83 Conn. 20, 25, 74 Atl. 1126.

There is error and a new trial is ordered.

In this opinion the other judges concurred.