ERMINO PALVERARI ET AL. *v.* STEPHEN FINTA ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 9—decided May 8, 1942.

*T. Holmes Bracken,* for the appellants (plaintiffs).

*Charles M. Lyman,* for the appellees (defendants).

JENNINGS, J.   These parties own and occupy adjoining properties in Branford.   A dispute about their common boundary culminated in a suit tried in the Court of Common Pleas in New Haven in May, 1940.   The prayers for relief asked for possession of a small strip of land, damages and an injunction.   The plaintiffs prevailed.   The operative portion of the judgment reads:

"The Court . . . finds the issues for the plaintiffs and that the plaintiffs are entitled to possession of said small strip of land.   It is further adjudged and decreed that the defendants are hereby enjoined from entering on or remaining in possession of said strip of land as described in the complaint and they are further ordered to deliver up possession of the same to the plaintiffs under penalty of $1,000."

The land in question is not otherwise defined in the judgment and the complaint contains no description from which the boundaries of the disputed strip can be definitely ascertained. The complaint in this action claims that the defendants have failed to deliver possession and demands the penalty of $1000 and damages. The trial court concluded that the injunction had not been violated.

In *Baldwin* v. *Miles*, 58 Conn. 496, 20 Atl. 618, the defendants appealed from a judgment finding them in contempt for the violation of an injunction. In reversing the judgment, the court said (p. 502): "Such an order should be clear and certain in its terms, so that the party upon whom it is served may readily know what he can or cannot do thereunder, seeing that the consequences of a breach may subject him to loss of property and imprisonment. As this court said in the case of *Rogers Manufacturing Company* v. *Rogers*, 38 Conn., 125—'Injunctions ought to be made plain and distinct. No respondent is to be entrapped into a contempt by vague or general orders.'" See, to the same effect, *Robinson* v. *Clapp*, 65 Conn. 365, 396, 32 Atl. 939; *Kaspar* v. *Dawson*, 71 Conn. 405, 411, 42 Atl. 78; *Deming* v. *Bradstreet*, 85 Conn. 650, 659, 84 Atl. 116. The disputed land is referred to in the former judgment as "a small strip" and the finding in this case that there are no physical evidences on the land to show the location of the line claimed by the plaintiffs is supported by the evidence. The only violations claimed were the picking of lilies of the valley on one or two occasions and that one corner of the defendants' garage was three inches over the claimed line. Under these circumstances the rule cited applies and the court was justified in concluding that the injunction had not been violated. The judgment for the defendants on the complaint was correct.

Judgment was also rendered for the defendants on their cross-complaint seeking a new trial. At the outset we are met by the contention of the defendants that the plaintiffs' appeal from this judgment is not an appeal from a final judgment and need not be considered on the merits. The rule relied on is that " 'Any order or proceeding which disposes of the cause, and places the parties out of court, is "final." ' " *State* v. *Kemp*, 124 Conn. 639, 641, 1 Atl. (2d) 761. The plaintiffs are in just that position. They claim that the court erred in its judgment granting a new trial. Unless they appeal from that decision, made in this separate proceeding after the termination of the original action, they are concluded thereby. The new trial will not be of this suit but of the original suit, tried in May, 1940. The plaintiffs cannot, in an appeal from that judgment, raise the issue that the judgment in the case at bar granting a new trial was erroneous. The difference between this situation and those claimed by the defendants to be analogous is obvious. They say, for example, that, in the absence of statute, the denial of a motion to set aside a verdict would be appealable as a final judgment but that its granting is not. The granting of the motion could be claimed as error in an appeal taken from the final judgment in the action. The cases are not parallel. The question whether an appeal would lie from a judgment granting a new trial was discussed in detail in *Husted* v. *Mead*, 58 Conn. 55, 19 Atl. 233, and the conclusion reached that (p. 68) "petitions for new trials are so far to be regarded as suits, and the judgments in them as final judgments, that proceedings in error will lie from the judgments rendered in them." *State* v. *Kemp*, supra, 644; Conn. App. Proc., § 6. The defendants ask that the *Husted* case be overruled but we decline to do so for the reasons stated.

Assuming that no corrections of the finding are necessary, it discloses the following facts: The dispute over this boundary line was of long standing and the defendants had discussed the questions relating thereto with an attorney. When the writ in the original suit was served on them, they read it, understood it and delivered it to and discussed it with that attorney. When the case was assigned for trial, the attorney notified the defendants to be at his office the following morning at 9 o'clock. At that time the plaintiffs were also present with their attorney and an unsuccessful attempt was made to compromise the matter. The attorney then sought to secure a continuance, both from the plaintiffs' attorney and the court, but was forced to go to trial. The trial did not proceed for about two hours and attempts were made by the defendants during that time to secure witnesses. They only succeeded in getting an engineer who had surveyed the property, and he was used by the plaintiffs. The trial was completed the same afternoon. Judgment was then rendered for the plaintiffs and no appeal was taken.

The finding in the case at bar goes on to enumerate numerous defenses that might have been interposed and evidence that might have been introduced by the defendants' then attorney had he made adequate preparation. It discloses at the most negligence on the part of defendants' counsel. The place designated to try a case is in the trial court and if new trials were granted in every case where counsel failed to make all possible defenses the already crowded dockets would overflow. The remedy of the defendants, if any, is a suit against their then attorney.

The plaintiffs treat the petition for a new trial as one based on newly discovered evidence and are correct in their contention that, as such, it is defective

in alleging neither the evidence on the former trial nor the evidence newly discovered. *Salinardi* v. *State,* 124 Conn. 670, 672, 2 Atl. (2d) 212. The foregoing summary of the finding shows that the petition was not of that character but was based in effect on negligence of the defendants' attorney although that specific term was not used. As such, our rule leads to the same result. The appeal in the cross-complaint is to equity. "Equity will not relieve against the operation of judgments rendered through the negligence or inattention of the party claiming to be aggrieved or his attorney." *Jarvis* v. *Martin,* 77 Conn. 19, 21, 58 Atl. 15, and cases cited; *Hayden* v. *Wallace & Sons Mfg. Co.,* 100 Conn. 180, 186, 123 Atl. 9; *Hoey* v. *Investors' Mortgage & Guaranty Co.,* 118 Conn. 226, 230, 171 Atl. 438; 46 C. J. 215, § 161. The defendants seek to escape the application of the rule by the claim that the negligence of their counsel was so gross and the failure of the defense so complete that the conduct of counsel cannot be imputed to them as principals. The authorities to which we have referred are a sufficient answer to this claim. See also 1 Thornton, Attorneys at Law, p. 561. Inexcusable negligence of an attorney does not bring him within any of the situations referred to in *Resnik* v. *Morganstern,* 100 Conn. 38, 43, 122 Atl. 910, relied on by the defendants, as sufficient ground for not imputing knowledge of an agent to his principal. The cases cited by the defendants are not persuasive. The only one which is based on a state of facts at all similar to those here involved is *Day* v. *Welles,* 31 Conn. 344, decided in 1863. In that case there was no negligence of counsel so that the plaintiff had no remedy as against him. The ignorance of the plaintiff of a practice of counsel which resulted in a default being entered against him was held not to be either negligence or culpable inattention, the issue

being raised by a demurrer to the bill. It appeared that the practice was new and was contrary to the former practice in the county and to that then still prevalent in other counties. These facts clearly distinguish the *Welles* case from the case at bar. There is nothing in the finding to take this case out of the general rule stated in *Jarvis* v. *Martin* and it was error to grant a new trial.

In view of this conclusion it is unnecessary to discuss the rulings on evidence.

There is no error in the judgment on the complaint. There is error in the judgment on the cross-complaint. The judgment is set aside and the case is remanded with direction to enter judgment for the defendants on the complaint and for the plaintiffs on the cross-complaint.

In this opinion the other judges concurred.