The court will treat the plaintiff's "motion to open judgment" as a petition for a new trial on the ground of newly-discovered evidence. Civitello vs. Connecticut SavingsBank 128 Conn. 621, 626.
During the course of the trial the plaintiff offered evidence that the defendant was celebrating the birth of a grandchild by offering his fellow employees drinks from a bottle of whiskey, and that the defendant had himself consumed some of the whiskey. The court attempted to exclude this testimony because it was immaterial and because no claim was made by the plaintiff that the defendant was under the influence of liquor or that his condition resulting from the consumption of liquor was, in any way, connected with the claimed assault. Regardless of the court's ruling, the plaintiff persisted in pursuing this question on several occasions. The defendant and another witness testified there was no liquor on the premises on that day, and that he had passed no bottle to fellow employees nor consumed any liquor himself.
The presence or absence of liquor in no way affected the court's deliberations. It had nothing whatever to do with the altercation between the parties on that day and was not a contributing factor to the excitement which resulted in this action. The reasons controlling the decision are stated in the court's memorandum.
The plaintiff now seeks a new trial because he has found two witnesses who will corroborate the plaintiff's testimony that the defendant passed a bottle of whiskey around and drank some himself. These witnesses have signed affidavits to that effect which the court has received in lieu of their verbal testimony. It appears that the same witnesses were employed at the factory at the time of trial and could have been available for testimony. They were not called because of lack of diligence in preparing for trial. All that the plaintiff or his counsel had to do before trial was to make the same kind of investigation that they made after the trial. These witnesses were there all the time and could have been discovered by the use of due diligence. Furthermore, as already indicated, their presence and testimony at the trial would not have changed the result, and their testimony at a new trial would be merely cumulative and have no effect on the decision. If this evidence were now allowed, it would open the door to the defendant to bring in an *Page 229 
equal number of witnesses who would contradict the proposed witnesses, and thus, ad infinitum, the case would never end.
When ground for a motion for a new trial is newly-discovered evidence, the evidence must not have been discoverable before the trial by the use of due diligence. It must not be merely cumulative, and it must appear that the new evidence would probably be sufficient to change the result. McGrathvs. Crane Co., 119 Conn. 170; Luth vs. Butwill, 119 Conn. 697. By cumulative evidence is meant additional evidence of the same general character, to the same fact or point which was the subject of proof at the original trial. Levine vs. Union New Haven Trust Co., 127 Conn. 435, 440.
To entitle a party to a new trial for newly-discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his case for trial; and if the new evidence relied upon could have been known with reasonable diligence, a new trial will not be granted. Meriden vs. Rogers,111 Conn. 115.
A petition for a new trial based on negligence of the party or his attorney in the preparation or trial of the case cannot be allowed. Equity will not relieve against the operation of a judgment rendered through negligence or inattention of a party or his attorney. The fact that either was negligent is not sufficient ground for escaping the application of this rule. Palverarivs. Finta, 129 Conn. 38.
Where claimed new evidence is that of witnesses who will testify contrary to that of witnesses who testified at the original trial, it cannot be held as a matter of right that it is sufficient for granting a new trial. Civitello vs. Connecticut SavingsBank, 128 Conn, 621, 627.
Newly-discovered evidence which is merely cumulative will not suffice ordinarily to grant a new trial, and never unless it appears reasonably certain that injustice has been done in the judgment rendered and that the result of a new trial will probably be different. Levine vs. Union New Haven Trust Co.,127 Conn. 435, 439.
An application for a new trial on the ground of newly-discovered evidence is addressed to the discretion of the trial court (Gannon vs. State, 75 Conn. 576; Gonirenki vs. AmericanSteel Wire Co., 106 id. 1), and upon such an application the court compares the old testimony with the new and *Page 230 
decides, in the exercise of sound discretion, whether injustice has probably been done, and whether the newly-discovered evidence is likely to change the result. Kliarsky vs. EasternGreyhound Lines, 116 Conn. 649. The essential issue in this case was not whether the defendant or anyone else, had consumed liquor on the day in question, but whether the defendant had committed an assault and battery on the plaintiff as alleged in the complaint.
The granting of new trials for newly-discovered evidence will be allowed only where it is clear that the case does not run counter to our established rules. One of these is that the new evidence must be sufficient to turn the cause in favor of the applicant, and another is that the new evidence must not be merely cumulative. The third rule, which applies here with equal force, is that newly-discovered evidence tending to impeach the general reputation of a witness, as the plaintiff is attempting to do in this case, will not furnish a basis for granting a new trial. Apter vs. Jordan, 94 Conn. 139.
The plaintiff's motion and supporting evidence lack every prerequisite for the granting of a new trial. The proposed evidence is immaterial, cumulative, of an impeaching character and discoverable before trial. The court has searched in vain for judicial sanction for the requested action and to grant it would be an abuse of sound discretion which would not be countenanced by our Supreme Court.
 The plaintiff's motion to open the judgment is denied.