RENEE GREEN *v.* JAMES S. GREEN

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1240

Argued March 15—decided May 27, 1983

*James S. Green,* pro se, the appellant (defendant).
*Dennis G. Hersh,* for the appellee (plaintiff).

PER CURIAM. Following a trial, the court adjudicated the defendant the father of the plaintiff's daughter born May 13, 1980. The defendant has appealed. The salient facts are as follows: The parties' marriage was dissolved on January 29, 1979. They had two children during this marriage. After the dissolution, they continued to share their jointly owned home in Bloomfield until

arrangements could be made for its sale. Prior to the sale, however, the plaintiff moved to her mother's home in East Hartford in June 1979.

After she moved out, the plaintiff continued to do her laundry at the Bloomfield residence once a week. She testified that on August 22, 1979, the alleged date of conception, she and the defendant had sexual relations while she was at the Bloomfield home.

The plaintiff moved back to the Bloomfield house on August 25, 1979, so that the children could attend local schools. The parties engaged in sexual relations the weekend following the plaintiff's return. Shortly after the liaison on August 22, the plaintiff began to experience the symptoms of pregnancy and had a pregnancy test, the results of which were not introduced into evidence at trial. About two or three weeks later, the plaintiff informed the defendant, her mother and her minister that she was pregnant.

The defendant first claims that the negligence of his attorney at the trial deprived him of due process with the result that a new trial should be ordered. Although paternity actions may have "quasi-criminal" overtones; *Little* v. *Streater,* 452 U.S. 1, 10, 101 S. Ct. 2202, 68 L. Ed. 2d 627 (1981); they are civil actions to which the general rules governing civil proceedings apply. *Robertson* v. *Apuzzo,* 170 Conn. 367, 372, 365 A.2d 824 (1976). Any alleged negligence of an attorney in the defense of a civil action does not entitle the defendant to a new trial of the case. *Palverari* v. *Finta,* 129 Conn. 38, 42, 26 A.2d 229 (1942).

The defendant next claims that the evidence does not support the trial court's conclusion that he fathered the plaintiff's child. He stresses the fact that the plaintiff had a pregnancy test on August 27, 1979, five days after the claimed date of conception. The defendant then argues that it is common knowledge that a preg-

nancy test could not be administered effectively at such an early stage of pregnancy. Since the plaintiff testified that she did not have sexual relations with the defendant from June, 1979, until August 22, 1979, the defendant argues that the plaintiff must have become pregnant earlier than August 22 and that the court, therefore, could not have reasonably concluded that the defendant was the father.

In its memorandum of decision, the court noted that, although there was testimony that the plaintiff underwent a pregnancy test, no evidence was introduced as to its results. That the test was administered five days after the alleged conception date merely went to the question of the plaintiff's credibility. " 'Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony.' " *Robertson* v. *Apuzzo,* supra, 384. In view of the plaintiff's testimony and the testimony of two other witnesses establishing that the plaintiff was constant in her accusation that the defendant fathered her daughter, we conclude that there was ample evidence to support the court's finding of paternity.

The defendant further claims a perjurious statement made by the plaintiff and her counsel misled the court and destroyed the defendant's credibility, thereby prejudicing his case. The alleged misstatement was that the plaintiff had initiated the divorce action between the parties when it was actually the defendant who had filed the complaint. The defendant's argument is that this misstatement influenced the court by adding credence to the plaintiff's testimony that the defendant forced himself upon her sexually both during the marriage and again on August 22, 1979. The court also heard testimony that the defendant wanted a divorce in part because of the alleged infrequency of sexual relations with the plaintiff.

The defendant's claim relies upon the tenuous assumption that the court found the plaintiff's testimony credible because it believed that she was the moving party in the dissolution action. Nothing in the transcript or in the court's memorandum of decision supports this claim. The trial court's discussion of the testimony presented and facts found indicates the issue of who instituted the dissolution action was immaterial to its conclusion of paternity.

The defendant also claims that the trial court erred in refusing to rule that the alleged September 1, 1979, date of conception in the plaintiff's complaint constituted a judicial admission. The defendant's claim is inaccurate. The plaintiff's complaint alleged that the defendant was the father of her child "begotten on or about September 1, 1979." At trial, the court allowed the plaintiff to amend her complaint to allege that conception occurred between August 15, 1979, and September 1, 1979. A judicial admission is a voluntary and knowing concession of fact by a party. *Kanopka* v. *Kanopka,* 113 Conn. 30, 38–39, 154 A. 144 (1931). The plaintiff never conceded in either pleading that the specific date of conception was September 1, 1979.

There is no error.

DALY, BIELUCH and CIOFFI, Js., participated in this decision.