[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 7, 1995, the plaintiffs, Michael Pirro and MNP Enterprises, Inc., d/b/a The Old Brass Raid, filed a petition for CT Page 12481-QQ a new trial pursuant to General Statutes § 52-270. The plaintiffs claim that they are entitled to a new trial in the negligence action that the defendant, James Gallagi, brought against the plaintiffs by complaint dated May 7, 1993, in which a default judgment in the sum of $120,000 was rendered against the plaintiffs herein. Specifically, the plaintiffs claim that their counsel in the original action failed to take any action to protect the interests of the plaintiffs and failed to assert a defense on their behalf. The plaintiffs allege that they brought a malpractice action against their former counsel and that a judgment was rendered in their favor, although they claim, however, that the judgment "appears to be uncollectible."
The defendant argues that his motion (#103) to strike should be granted because the negligence of the plaintiffs' counsel in the original action does not entitle them to a new trial. The plaintiffs argue that they had a good defense in the original action, that they were denied a reasonable opportunity to appear and defend, and that there was "fraud . . . unfair dealing or misconduct" by the defendant.
A motion to strike may be used to test the sufficiency of the allegations contained in a petition for a new trial. Gray v.State, Superior Court, judicial district of New Haven, Docket No. 347842 (November 3, 1993) (Martin, J.). General Statutes § 52-270(a) CT Page 12481-RR provides, in pertinent part, that "[t]he Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal or failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. . . ."
"A petition for a new trial under § 52-270 is. . . . equitable in nature. . . . It is authorized, and its scope is limited, by the terms of the statute. . . . A plaintiff has the burden of alleging and proving facts which would, in conformity with . . . the statute, entitle him to a new trial. . . . Such a petition is addressed to the legal discretion of the trial court and will never be granted except on substantial grounds." (Citations omitted.)Black v. Universal C.I.T. Credit Corp., 150 Conn. 188, 192-93,187 A.2d 243 (1962).
"A petition for a new trial based on negligence of the party or his attorney in the preparation or trial of the case cannot be allowed. Equity will not relieve against the operation of a judgment rendered though negligence or inattention of a party or his attorney. The fact that either [the party or his attorney] was CT Page 12481-SS negligent is not sufficient ground for escaping the application of this rule." Covello v. Bloom, 13 Conn. Sup. 227, 229 (1945); see also Palverari v. Finta, 129 Conn. 38, 42-44, 26 A.2d 229 (1942) (holding that it was error for the lower court to grant the defendants' petition for a new trial based upon the negligence of the defendants' attorney, and recognizing that the remedy of the defendants was a suit against their attorney).
The plaintiffs have failed to allege facts showing that they are entitle to a new trial pursuant to General Statutes § 52-270. The plaintiffs have failed to allege facts demonstrating the discovery of new evidence, the lack of a reasonable opportunity to appear and defend, the lack of actual notice of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence. In fact, the petition of the plaintiffs is based upon the negligence of their former counsel, which does not provide a sufficient basis for a new trial. SeePalverari v. Finta, supra, 129 Conn. 42-44; Covello v. Bloom,
supra, 13 Conn. Sup. 229. Accordingly, the motion to strike is granted.
So Ordered.
Dated at Stamford, Connecticut this 15 day of November, 1995. CT Page 12481-TT
WILLIAM BURKE LEWIS, JUDGE