[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff H. Barry Jacobs brings this action, pursuant to C.G.S. § 52-270, for a new trial of an underlying action, entitled Joseph E. Fazzano, et al. v. Malpractice Research, Inc.,et al, CV No. 38, 82 11 in this court, in which judgment by default was obtained against the plaintiff more than four years ago.
Section 52-270 provides:
 (a) The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend; when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry CT Page 15221 of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the Superior Court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action.
The plaintiff asserts that he did not receive actual notice of a pretrial of the underlying action that let to his being defaulted and to a hearing in damages that led to a judgment being entered against him for $336,000, that he has a good defense, and further asserts that the equities of the situation entitled him to a new trial.
The facts are as follows: In December 1990 defendants, Joseph Fazzano and Elizabeth McKernan brought an action against H. Barry Jacobs, Malpractice Research Inc., d/b/a/ Medical Quality (hereinafter Medical Quality) and Dr. Nicholas Criares, alleging, in essence, that McKernan was a client of Attorney Fazzano in a medical malpractice case against Hartford Hospital and Dr. Richard Jones, that Medical Quality and Jacobs agreed to provide Dr. Criares to testify as a medical expert in the McKernan case, that Dr. Criares failed to appear at the McKernan trial, causing McKernan to settle her case for a figure less than its actual value and Fazzano to receive a reduced fee.
On February 26, 1991 Attorney Dana P. Lonergan entered an appearance for Jacobs and Medical Quality and filed an answer consisting essentially of a general denial and a special defense to the effect that Fazzano and McKernan breached the agreement by failing to pay the expert fee in advance. On May 4 1993 Attorney Longergan moved to withdraw his appearance for Jacobs and Medical Quality for the reason that "said defendants have advised the undersigned counsel that they no longer wish to defend this matter."
On May 17, 1993 Jacobs entered a pro se appearance on behalf of himself and Medical Quality, in lieu of Attorney Lonergan, giving his address as 112 Elden Street, Suite K, Herndon, Va.
The case came up for pretrial on April 19, 1994 before Judge Douglas Wright. Attorney Stephen F. McElevey appeared for Fazzano and McKernan, Dr. Criares appeared for himself, and Jacobs and CT Page 15222 Medical Quality did not appear. From the court house, attorney McEleney called a number he had for Medical Quality, and eventually got Dr. Barry Jacobs on the phone. Dr. Jacobs said he had moved his office from Virginia to Route 2, Box 642E, Summerland Key, Fl., 33042, and had not received the pretrial notice from the court. Attorney McEleney told Jacobs that it was his responsibility to notify the court of his change of address, that a default would enter against him, and he should proceed from there. McEleney also said he would inform a court clerk why Jacobs was not there but did not assure Jacobs that the clerk would enter his new address on the court file. McEleney did tell a clerk in the caseflow office the reason for Jacobs' absence and Jacobs' new address. The court entered a default against Jacobs and Medical Quality.
On May 16, 1994 Attorney McEleney claimed the case for a hearing in damages. He sent the claim to Jacobs' address in Virginia, giving as the reason that he was obligated to send it to the address on Jacobs' appearance filed in court, which had not been amended, rather than to an address given to him over the phone. The court also sent notice of the date of hearing in damages to Jacobs' Virginia address.
The hearing was held on July 8, 1994 before Judge Norris L. O'Neill. A judgment was entered against Dr. Criares for $2000 by agreement and against Jacobs and Malpractice Quality for $320,000 plus attorneys fee of $16,000 for a total of $336,000.
When in August 1995, Fazzano and McKernan sought to attach Jacobs' assets and to garnish his income, Jacobs did not immediately seek to reopen the judgment against him, but rather applied to the bankruptcy court in Florida to have an earlier Chapter 7 bankruptcy discharge he had obtained amended to cover the judgment. The bankruptcy court refused Jacobs' application. On May 12, 1996 finally brought this action to set aside the judgment and for a new trial.
At the hearing in this case, Jacobs testified he moved from Virginia to Florida in July 1993 and never informed the court. He also testified he did not receive the court's notice of the pretrial hearing for April 19, 1994. He testified he did not receive Attorney McEleney's claim for a hearing in damages and the court's notice setting July 8, 1994 as the date for that hearing. He introduced in evidence the "Contract for Expert" between Medical Quality and Jacobs on the one hand, and law CT Page 15223 office of Fazzano and Dubay and McKernan on the other, which stated Medical Quality would provide a medical expert for the McKernan case at prescribed fees. Jacobs testified he obtained the services of Dr. Criares to appear as an expert on the trial date and informed Fazzano to pay $2120 as the doctor's fee and travel expenses in advance for the doctor's appearance. When payment was not made, Dr. Criares did not appear on the trial date.
Section 52-270 provides the court may grant a new trial of any action for (1) "want of actual notice of the action to any defendant, or of a reasonable opportunity to appear or defend", (2) "when a just defense in whole or part existed," or (3) "for other reasonable cause, according to the usual rules in such cases."
The petition for a new trial under § 52-270 is essentially an equitable proceeding. Black v. Universal C.I.T Credit Corporation,150 Conn. 188, 192 (1962). It is authorized and its scope limited by the statute. Milestone v. Tisi, 140 Conn. 464, 469 (1953). The plaintiff has the burden of proving fact that "in conformity with our settled equitable construction of the statute, entitled him to a new trial on the grounds claimed." Black v. Universal C.I.T.Credit Corporation, supra, at p. 193. The petition is addressed to the legal discretion of the trial court and "will never the granted except on substantial grounds." Id.
Here, plaintiff Jacobs has established that he did not receive actual notice of the hearing in damages, which resulted in the judgement against him, and that he has a just defense. However, his not receiving actual notice was his own fault. He filed with the court his pro se appearance with his Virginia address and then when he moved to Florida several months later, did not inform the court of his new address. Moreover, even after he was told by Attorney McEleney over the phone on the date of the pretrial that a default was likely to enter against him, he did nothing to protect himself. Nor should he have relied upon Attorney McEleney to inform the court of his Florida address.
Clearly Jacobs had little interest in the outcome of the case because he had another agenda. He explicitly told his attorney that he "no longer wished to defend this matter." Although at trial Jacobs put a different spin on those words, the court does not believe him, and infers Jacobs was firing his attorney because he did not want to pay him any longer. His intention was to file for bankruptcy which he did a few months later. However, he did not include the Fazzano-McKernan lawsuit, then pending, in his CT Page 15224 list of claims. Upon learning of the judgment entered against him, his first reaction was not to move to set it aside or bring a § 52-270 proceeding, but applied in the bankruptcy court to have the judgment included in the debts discharged. Only when this application was denied, and over a year after he knew of the judgment, did he initiate this § 52-270 action.
The law is very clear that a petitioner for a new trial will not be granted under § 52-270 and "[e]quity will not relieve against the operation of a judgment through the negligence or inattention of a party or his attorney. The fact that either was negligent is not sufficient grounds for escaping the application of this rule. Palverari v. Fenta, 129 Conn. 38." Covello v.Bloom, 13 Conn. Sup. 227, 229 (1945); Johnson v. Henry, (App. Session of Superior Court), 38 Conn. Sup. 718, 721 (1983); Pinov. Callagi, 15 CONN. L. RPTR. No. 12 409, 410 (Jan. 1, 1996).
Thus, although Jacobs established two of criteria of § 52-270, namely, want of actual notice and a just defense, he still is not entitled to the relief afforded by the statute because of his own negligence and deliberate disregard for any responsibility he had as a defendant in the Fazzano case. In effect, he thumbed his nose at this court and acted as if he were immune from the exercise of its powers.
However, there is a third criteria for relief under § 52-270: "other reasonable cause." As noted in Wetzel v. Thorne,202 Conn. 561, 565 (1987), the basic test of "reasonable cause" is whether or not the litigant has been deprived of a fair opportunity to be heard and an injustice will occur if a new trial is not allowed. See also Tilo Co. v. Fishman, 164 Conn. 212, 214-15
(1972). As stated in Black v. Universal C.I.T. Credit Corporation,supra, 193, "The statute . . . applies only `when no other remedy is adequate' and when in equity and good conscience relief against a judgment should be granted."
In this case circumstances do invoke equity and good conscience. Attorney McEleney learned of the Florida address of Jacobs from his telephone call on the day of the pretrial. He told a clerk of the court. While the clerk's office may not be permitted to change addresses on notices of appearance without a writing, the clerk should have made some notification in the computer that might have directed further court notices to both addresses. Likewise, while Attorney McEleney was within the rules in sending the claim for the hearing in damages to Jacobs' CT Page 15225 address on his pro se appearance, fairness and common sense required he also send it to Jacobs' new Florida address. His failure to do so gives rise to the inference that he contributed to notice not being received by Jacobs of the hearing in which the judgment of $336,000 was awarded and to Jacobs not having the opportunity to interpose his defense.
These circumstances compel the court to conclude that equity and good conscience require that, pursuant to § 52-270, the judgment in Fazzano et al v. Malpractice Research, Inc., et al, be set aside as to Jacobs only and he be granted a new trial.
R. Satter, J.T.R.