[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Tobias Anderson, pro se, commenced his action seeking a new trial on February 27, 1990. The answer filed by the defendant, Hartford State's Attorney's Office, denied all the allegations in the complaint and set forth the special defenses of res judicata and collateral estoppel premised upon the case of Anderson v. State, Docket nos. 87-080 and 87-105. The plaintiff, on April 13, 1992, pursuant to Practice Book Section 151 et seq., filed a motion to strike the defendant's answers and special defenses, on the grounds that they are "legally insufficient 
improperly filed." Plaintiff also filed a memorandum of law and exhibits in support of the motion to strike.
A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The motion to strike contests the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein. See Practice Book 152, Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442. (Super.Ct. 1983). A motion to strike is the proper vehicle in which to raise the legal sufficiency of special defenses. See Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978); Krasnow v. Christensen, CT Page 669540 Conn. Sup. 287, 288, 492 A.2d 850 (Burns, J., March 15, 1985). The trial court, in deciding on a motion to strike must admit the truth of all facts well pleaded, Mingachos, supra, 108, and the court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion, Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980), and should construe the challenged allegations in the light most favorable to the nonmovant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 49 A.2d 986
(1982). If facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
The plaintiff argues that defendant's "answer is improper and not in compliance [sic] with the rules of the court, specifically Sections 160, 161 162 [of the Practice Book]" and therefore should be stricken. (Memorandum of law in support of plaintiff's motion to strike, p. 1)[1] The defendant in its answer denied all the allegations in the complaint. (Answer filed April 30, 1992, p. 1). A request to revise is the proper pleading to address non-responsive sections of a pleading, not a motion to strike. Regardless, Practice Book 160, which governs general and special denial of answers, provides, inter alia: "The defendant in his answer shall specially deny such allegations of the complaint as he intends to controvert, admitting the truth of the other allegations, unless he intends in good faith to controvert all the allegations, in which case he may deny them generally." The defendant's answer is a general denial of the allegations in the plaintiff's complaint and closes the issues and therefore is an appropriate pleading pursuant to Practice Book 160. Accordingly, the motion to strike the answer is denied.
The defendant's answer alleges the special defenses of res judicata and collateral estoppel. The plaintiff, in moving to strike the special defenses, argues that the defendant relies upon, Anderson v. State, CV. #88-0344991, in support of their defenses and attaches a copy of the memorandum of decision in that case to his memorandum of law in support of his CT Page 6696 motion to strike. The plaintiff argues that Anderson v. State, CV. #88-0344991, was dismissed for lack of subject matter jurisdiction. The plaintiff argues that because Anderson v. State, CV. #88-0344991, was dismissed for lack of subject matter jurisdiction, a final judgment on the merits in that case had not been rendered by a court of competent jurisdiction and the defenses of res judicata and collateral estoppel, therefore, are not applicable.[2]
The plaintiff's argument of the defendant's reliance on Anderson v. State, CV. #88-0344991 is inaccurate. On April 30, 1992, the defendant filed a "Motion for Permission to Amend Answer" seeking to amend their answer to correct the citation to Anderson v. State, Docket nos. 87-080 and 87-105, in their special defense. Pursuant to Practice Book 176, the plaintiff had fifteen days from the filing of the request for leave to amend to object to the request. Because the plaintiff has not objected to the defendant's request, the amendment is deemed to have been filed by the consent of the plaintiff. See Practice Book 176.
Notwithstanding the plaintiff's argument regarding defendant's reliance on Anderson v. State, CV. #88-0344991, the plaintiff's annexation of the memorandum of decision in Anderson v. State, CV. #88-0344991, makes this motion the equivalent of a speaking motion to strike. See Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83,415 A.2d 771 (Super.Ct. 1979). ("Annexation of an agreement [to a motion to strike] or alleging affirmative matter makes it the equivalent of a "speaking motion to strike," which is not proper.") Because the case, Anderson v. State, CV. #88-0344991, was not attached to either the complaint or special defenses, it is extraneous to the pleadings and cannot be considered by the court in a motion to strike. Accordingly, the motion to strike the special defenses of res judicata and collateral estoppel is denied.
Mary R. Hennessey, Judge