[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE
This is a two-count action by the owner of premises at 920-922 Maple Avenue, Hartford, against named members of the Hartford Zoning Board of Appeals, claiming damages resulting from the Board's reversal of a partial building permit for a ninety-seven unit apartment building. The Board made the reversal pursuant to an appeal by one, Leniart, on the basis that a Moratorium imposed by the City Council was applicable to the subject property.
The first count claims that the defendants in disregarding the plain language of the codes and ordinances and an opinion of the corporation counsel acted with "malice, wantonness and an intent to injure" the plaintiff. The second count alleges that defendants failed to perform a "ministerial duty" in refusing to grant the full building permit.
Defendants have moved to strike both counts on the grounds that the complaint fails to articulate any theory on which relief may be granted, no specific harm to plaintiff has been alleged and the defendants enjoy qualified governmental immunity under C.G.S. 52-557n.
C.G.S. 52-557n(b)(7) states in pertinent part:
 Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state of any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to persons or property resulting from . . . (7) the issuance denial, suspension or revocation of, . . . any permit . . . when such authority is a discretionary function by law, unless such . . . revocation . . . constitutes a reckless disregard CT Page 4998 for health or safety. . . ."
Plaintiff claims his complaint falls within the exceptions to this statute since he has alleged malice, wantonness and intent to injure in his first count and that the action of the defendant board was ministerial rather than discretionary in his second count.
 I
Mere allegations of malice, wantonness or intent to injure are insufficient at law unless they are supported by sufficient allegation of specific facts. Warner v. Leslie-Elliott Consulters Inc., 194 Conn. 129, 139 (1984). Whether the exception to governmental immunity is the statutory "reckless disregard for health or safety" or common law malice or wantonness, plaintiff has failed to allege sufficient facts to support these legal allegations.
 II
The claim by plaintiff that the action of the Zoning Board was ministerial and therefore not subject to governmental immunity under C.G.S. 52-557(b)(7) is likewise not supported by sufficient facts to withstand the motion to strike.
The only facts alleged by plaintiff concern the decision by the defendant board to reverse the issuance of a partial building permit in contravention of certain code provisions and contrary to the opinion of corporation counsel. This is insufficient to support an allegation that such decision was ministerial in nature and that the decision did not require the exercise of discretion, particularly in light of C.G.S. 8-6, which enumerates the powers and duties of a Zoning Board of Appeals to "hear and decide" matters just like that involved in this case. In the absence of any factual allegations to the contrary, the conduct alleged in count two clearly appears to be discretionary conduct which falls within the purview of section 52-557n(b)(7). In this connection, the decision of Judge Schimelman in Baumert v. Hartford Zoning Board of Appeals, dated February 26, 1992, which plaintiff attached to his memorandum of opposition for the purpose of showing that the action of defendant board could only be ministerial, could not properly be considered by this court in CT Page 4999 deciding this motion to strike. Anderson v. Hartford States Attorney's Office, 7 CSCR 1004, 1005 (July 15, 1992, Hennessey J.)
Motion to Strike Counts One and Two granted.
Wagner, J.